H. F. MacGREGOR v. MARY THOMPSON ET AL.

No. 531.

Title Under Ten Years' Possession.—Title by adverse possession under the ten years' statute of limitation having become complete, thereafter the houses and fences were burned, occupancy ceased, and there were no vestiges upon the land itself to show that it had ever been occupied, and it so remained for six years, when appellant bought it from the person holding the paper title, paying a valuable consideration, and without notice of the former possession and of the title thereby acquired. The title by limitation was held superior to the paper title of appellant.

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*Jones & Garnett*, for appellant.—The court erred in rendering judgment in favor of defendants, Mary Thompson and Guy Pear, for the land sued for by the plaintiff in said cause; because the evidence showed that the plaintiff owned said land by regular chain of title from the government down to plaintiff, and that the said defendants had no title whatever to said land, except such title as they acquired by reason of the possession of said land, held by J. L. Stevenson, under whom said defendants claim, from the year 1871 down to the year 1884. Hill v. Moore, 62 Texas, 610, and authorities cited; Edwards and Wife v. Brown, 68 Texas, 330; Patty v. Middleton, 82 Texas, 586.

*W. H. Wilson*, for appellees.—Where one has acquired title by limitation, and the evidences of his possession are, after the accrual of his title, burned without his fault, the limitation title being a legal title and incapable of registration, a purchase for value of the record title, without knowledge of the limitation title, will not take the land.

*Hobby, Lanier & Kirby*, for appellees.—The evidence conclusively established the fact that J. L. Stevenson, under whom they claim, had had actual, peaceable, adverse, open possession of the land in controversy, using and enjoying the same and paying taxes thereon, from 1871 to 1884, more than ten years prior to the institution of this suit for its recovery, and the title having thereby vested in Stevenson, was not lost by subsequent abandonment or cessation of such possession. Branch v. Baker, 70 Texas, 190; Spofford v. Bennett, 55 Texas, 293; Mims v. Rafel, 73 Texas, 300; Cunningham v. Frantzen, 26 Texas, 40; Conner v. Hawkins, 71 Texas, 582; Smith v. Uzzell, 56 Texas, 318.

WILLIAMS, ASSOCIATE JUSTICE.—According to the findings of the court below, the party from whom appellant purchased the land in controversy had the title to it, until it was acquired by another claimant by adverse possession, under the ten years' statute of limitations.

After such title by limitation had become complete, the houses and fences, by means of which possession had been evidenced, were burned, occupancy ceased, and there were no vestiges upon the land itself to show that it had ever been occupied. In this condition it remained for about six years, when appellant bought it from the person in whom was the paper title shown by the records, paying a valuable consideration, without notice of the fact of the former possession and of the title thereby acquired, unless it be held that he was bound to take notice of the former history of the land, as to possession of it, which may have been held.

The sole question presented in this appeal by appellant is, whether or not appellant, as an innocent purchaser, was entitled to protection against the title acquired by limitation, of which he was ignorant when he purchased.

When the possession was held for the time prescribed by law, the title of the.former owner was destroyed, and that of the possessor, by his adverse possession, became perfect. He had as full ownership in the land as can be held under any other character of title. Rev. Stats., art. 3196.

This title was of a character that could not be recorded, and hence the registration laws do not apply. Those laws protect purchasers and creditors against conveyances which could be but are not recorded.

It is doubtless the purpose and policy of such laws to furnish means of information to parties buying lands, as to the condition of the titles, and to protect them against all claims of which notice should be found upon, but the existence of which is not disclosed by, the records. But at the same time the law also permits title by adverse possession to exist, concurrently with the registration laws, and provides no means by which notice of such title may be given. The declaration of the statute is, that he who has had the requisite possession "shall be held to have full title precluding all claims."

Such being the case, can it be true that he must do what no other owner of land is required to do, and remain constantly in possession, in order to maintain his right against the very title which his adverse possession has destroyed, in the hands of a purchaser from him through whose laches it has been lost? To so hold, would be to deny to him the "full title precluding all claims" which is given by the statute, for it would make his title dependent on his constant possession and upon the acts of third parties.

It is true, that the holder of an unrecorded deed may have full title, as perfect as that which results from adverse possession, and that such title may nevertheless be defeated by a sale from his vendor to an innocent purchaser; but the defeat of his title results from the law which visits this consequence upon him for his failure to do what it permits and requires him to do. There is no such exaction made of one who holds a title which can not be registered.

Title by adverse possession is not merely an equitable, but a complete legal title. The claims of the parties to this cause would in jurisdictions where the distinctions between law and equity prevail, be purely legal, and the oldest in time would prevail. 2 Pom. Eq., 679, 735.

These distinctions are often of little practical use in our system, where the substance of the right rather than the form of procedure through which it is enforced is most regarded; but in the present case, as the registration laws of our State do not protect appellant, it is necessary also to determine whether or not there is any rule of law or equity outside of those statutes by which his title can prevail over that of appellees. The rules both at law and in equity are fully stated by Pomeroy: "Among purely legal titles to the same subject matter, successive legal conveyances of and legal estates in the same tract of land, the equitable doctrine of priorities growing out of the presence or absence of notice, or of a valuable consideration, or of any other incident, has absolutely no application nor effect. Such legal titles, estates, and interests are, in the absence of any statutory modification, completely controlled, with respect to their priority, by the order of time." Sec. 679.

Again, in section 735, he says: "When the original owner has done or omitted something by which it was made possible that his property should come into the hands of a bona fide holder by an apparently valid title, it may be just to regard him as estopped from asserting his ownership and thus to protect the subsequent purchaser. But when the legal owner is wholly innocent, has done and omitted nothing, it certainly transcends, even if it does not violate, the principles of equity to sustain the claims of a subsequent bona fide purchaser." Whether or not it is true, as a general rule in this State, that, independent of registration laws, a bona fide purchaser of land can not be protected against the holder of an older legal title, but only against equities (see Edwards v. Brown, 68 Texas, 330), we think the rule last quoted from Pomeroy is just in its application to this case. The law creates and confers the title arising from adverse possession. It does not flow from a contract between the parties, which could be reduced to writing and put of record. There is no privity between the possessor and him who is dispossessed, and the right of the former does not result from any act of the latter, but is the effect given by law to the possession.

The adverse possessor does not hold under the former owner, but independently of him.

As the law makes the title complete when the time has run, we can not hold it necessary for the possessor to do something else, which the law has not exacted.

The judgment of the District Court will therefore be affirmed.

*Affirmed.*

Delivered April 26, 1894.