EAST TEXAS LAND AND IMPROVEMENT COMPANY v. R. P. SHELBY & BRO.

Delivered May 6, 1897.

**1. Adverse Possession—Peaceable Possession—Admission.**

An admission on the trial that plaintiff has been in the "actual, continuous, exclusive, adverse, and hostile possession of the land for more than ten years," shows that his possession was peaceable as well as adverse, so as to give title by adverse possession.

**2. Same—Title to Land—Notice.**

One who has acquired title to land by adverse possession is not required, more than any other owner of land, to give notice of his title to others, so as to prevent their obtaining good title by a conveyance from the original owner.

APPEAL from Jasper. Tried below before Hon. STEPHEN P. WEST.

*Votaw & Chester* and *Seale & Beatty*, for appellant.—When the original or legal owner has done or omitted something by which it was made possible that his property should come into the hands of a bona fide purchaser for value without notice by an apparently valid title, such original legal owner is estopped from asserting his ownership where it is shown that the property was subsequently acquired by such bona fide purchaser. Rev. Stats. 1895, arts. 2277, 2403, 2404, 2405; Cook v. Bremond, 27 Texas, 457; Pom. Eq. Jur., 2 ed., sec. 735.

*W. B. Powell*, for appellees.—Where one has acquired title to land under the ten years statute of limitation, he is not required to remain upon the land after the title is complete. The limitation title being a legal title is incapable of registration. A purchaser for value of the record title (then void), without knowledge of the limitation title, will not take the land. McGregor v. Thompson, 26 S. W. Rep., 649.

WILLIAMS, ASSOCIATE JUSTICE.—Appellees, alleging title in them-

selves from ten years adverse and peaceable possession under the statute of limitations, brought this suit to recover of appellant 320 acres of land, part of the William Pharis league in Jasper County. The defendants pleaded general denial and not guilty. The defendant at the trial admitted that the plaintiff had been "in the actual, continuous, exclusive, adverse, and hostile possession of the land sued for, using, cultivating, and enjoying the same for more than ten years, to wit, from 1856 to 1880, and that, after they abandoned it in 1880, no one resided on or in any manner occupied the land.

"The plaintiffs admitted that the defendant held the legal paper title by regular consecutive chain from and under the sovereignty of the soil down to the defendant.

"Plaintiffs admitted that the East Texas Land and Improvement Company bought the land in controversy in good faith for sufficient and valuable consideration, duly paid for same without actual notice of plaintiff's claim, save and except such notice (if any) as the presence of the remains of the old settlement, such as old fences, dilapidated houses and old field, all abandoned (not occupied or used) at the time of defendant's purchase, might constitute, and that there was no record whatever of plaintiffs' title or claim at the time of or prior to defendant's purchase, and that the defendant had no actual notice of plaintiffs' title or claim when it so purchased."

It was also admitted that defendant was a corporation capable of taking and holding the title to the land. Upon these facts, the court rendered judgment for the plaintiffs, and defendant appeals.

It is urged, first, that the admission as to plaintiffs' prior possession does not show that such possession was peaceable. A possession, to meet the requirements of the statute, must be peaceable as well as adverse. But the statute defines peaceable possession to be "such as is continuous and not interrupted by adverse suit to recover the estate." The admission is that the possession in question was continuous. If this, with the other language used in the admission, does not imply all that would be included in the word peaceable, it certainly implies all but the negative, that the possession had not been interrupted by adverse suit; and we do not think it was incumbent on the possessor to prove such negative. The conditions stated in the agreement were such as to make, at least, a prima facie case that the possession had the characteristics required by law, and, if it could be rebutted by proof of adverse suit, the burden was on the plaintiff to prove the affirmative. It would be difficult, consistently with the truth of all the statements in the admission, to suppose that there had been a suit, which had the effect to interrupt the possession thus described, and declared to have been continuous.

The only other proposition urged for the reversal of the judgment is the one that, by its purchase, without notice of title acquired by plaintiffs, defendant acquired the better right and should be protected as innocent purchasers. We have heretofore had occasion to consider this question and have decided it adversely to appellant, in the case of McGregor

v. Thompson, 7 Texas Civil Appeals, 32; 26 Southwestern Reporter, 649.

Appellant's counsel have urged us to overrule that decision, and have made a very good argument in support of their position, which has had careful attention; but we still think, for the reasons given in the opinion referred to, that the position there taken is the correct one. It is urged that a party acquiring title by limitation might give notice of his claim in three ways: first, by suit to perpetuate testimony; second, by designation of his homestead; and third, by suit to recover the land.

Without pausing to consider how far any of these proceedings could be made effectual as notice of his claim, we deem it sufficient to say, as we formerly said concerning the maintenance of possession, that the law has not required any land owner to do any of these things, as a means of giving notice of his title to others. It is no more incumbent on the owner, whose title has been acquired by limitation, than it is upon any other owner to take any of these proceedings. That all of them may do so is a privilege incident to ownership, and no duty to do so is imposed for the protection of others. We can not see the soundness of a principle which would take from one, thus invested with full legal title to land, and who has done nothing forbidden and omitted nothing enjoined by law for the protection of others, his property, and bestow it upon another who has simply made the mistake of buying it, without notice of his rights, from the original owner, whose title has been extinguished by limitation.

We do not think it necessary to determine whether or not the evidences upon the land of the former possession were sufficient to give notice.

*Affirmed.*

Writ of error refused.