## CLARK v. ASBURY.

(Court of Civil Appeals of Texas. Jan. 25, 1911.)

1. BROKERS (§ 49*)—SUIT FOR COMPENSATION —RIGHT TO RECOVER.

A broker suing on an express contract for his services cannot recover without showing compliance with the contract or that he was prevented from executing it by his principal.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 70–72; Dec. Dig. § 49.*]

2. BROKERS (§ 57*)—COMPENSATION—RIGHT TO.

Under a contract for a broker's commission, for procuring a purchaser for land at $2,250, one-third cash, he does not earn his commission by producing a purchaser willing to buy for $1,000 cash, the remainder in notes; if reimbursed for $48 lost in discounting notes to procure the cash, though the vendor agreed to the terms and the broker offered to bear one-half of the discount.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 66–72; Dec. Dig. § 57.*]

3. BROKERS (§ 56*)—RIGHTS OF PRINCIPAL.

Giving exclusive agency does not, of itself, preclude the principal from making a sale.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 85–89; Dec. Dig. § 56.*]

4. BROKERS (§ 79*)—RIGHT TO COMMISSION— SALES MADE BY PRINCIPAL.

If a broker is entitled to recover any compensation on a sale made by his principal on terms differing from those set forth in his contract, he must sue upon a quantum meruit and not on the contract.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 79.*]

5. VENDOR AND PURCHASER (§ 133*)—"GOOD DEED."

A vendor's obligation to furnish a "good deed" does not require one which can be shown to convey a title good by an abstract thereof, but one conveying a good title, including title acquired by adverse possession (citing 4 Words and Phrases, p. 3108).

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 234–237; Dec. Dig. § 133.*]

6. ADVERSE POSSESSION (§ 106*)—STRENGTH OF TITLE.

Under the statute making title by adverse possession "full title precluding all claims," the holder has as full ownership as can be held under any other character of title.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 604–623; Dec. Dig. § 106.*]

7. VENDOR AND PURCHASER (§ 133*)—"SATISFACTORY DEED."

A vendor's obligation to furnish a "satisfactory deed" does not require him to comply with the purchaser's whims respecting title, but the fact that title tendered might seriously interfere with selling the land or borrowing money thereon, might reasonably render such deed unsatisfactory.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 234–237; Dec. Dig. § 133.*

For other definitions, see Words and Phrases, vol. 7, pp. 6334–6337.]

8. SPECIFIC PERFORMANCE (§ 4*) — CONTRACT TO CONVEY.

The parties to a contract to convey having deposited mutual forfeits, the vendor could not maintain specific performance; his only remedy being suit for damages for breach of the contract as limited by the damages stipulated.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 4; Dec. Dig. § 4.*]

Appeal from Falls County Court; W. E. Hunnicutt, Judge.

Action by D. C. Clark against Shon Asbury. From a judgment for defendant, plaintiff appeals. Affirmed.

Z. I. Harlan, for appellant. Tom Connally, for appellee.

JENKINS, J. Appellant brought this suit upon the following written contract: "Rosebud, Texas, 9-7-07. Mr. D. C. Clark, Rosebud, Texas—Dear Sir: I hereby give you the exclusive right to sell my tract of land described on the opposite side of this sheet, and for your services in finding me a buyer, ready and willing to buy under the terms agreed upon between us, I agree to pay you a cash commission of $1 per acre. In the

---

event of a sale I agree to make a good and satisfactory deed. Yours truly, Shon Asbury." By reference to the opposite side of the sheet referred to in this contract, it appears that the land listed was 150 acres, to be sold at $15 per acre, one-third cash.

The case was tried in the justice's court and appealed to the county court, and upon trial before a jury in the county court, the trial judge instructed a verdict for the defendant. Appellant contends that this action of the court was error, for the reason that he had complied with his part of the contract, and that appellee was unable to comply with the contract in that, by reason of a defect in his title, he was unable to make a good and satisfactory deed. Appellee denies that appellant complied with the contract, in that he never produced a purchaser who was able and willing to buy upon the terms set out in said contract; and also alleges that he tendered a good and satisfactory deed to the proposed purchaser, who refused to accept the same.

The facts show that appellant secured a purchaser who examined the land and expressed himself satisfied therewith, but stated that he did not wish to purchase paying only one-third cash, but would take the land at $1,000 cash, balance on terms stated in the contract thereafter entered into, conditioned, however, that appellee would stand the discount of $48 on notes held by him, which it was necessary to pay in order to get the cash upon same. It also appears that this transaction was in the fall of 1907, when "the lid was on," and the bank discounting said notes would not pay cash, but would give New York exchange. The appellant submitted this proposition to the appellee, who refused to stand the discount, but agreed with appellant that he would stand one-half of the same. Thereafter he entered into a written contract of sale, with the knowledge and consent of appellant, wherein he agreed to convey said land to the proposed purchaser for the sum of $1,000 cash, balance in five equal annual installments at 8 per cent. interest, and agreed to make a good deed to said land; and further agreed that he would furnish an abstract of title as soon as he could have the same made. Thereafter the abstract was furnished and showed that this land had formerly belonged to W. S. Maxwell, who died leaving surviving him a wife and nine children; that the wife and seven of said children conveyed their interest in the land to a remote grantor of appellee, but that one of said children conveyed his interest to his brother G. W. Maxwell, and that G. W. Maxwell had never deeded his interest to any one. Upon this showing it appeared that G. W. Maxwell was the owner of two-ninths of a one-half interest, or a one-ninth of the entire tract, the same having been the community property of W. S. Maxwell and wife. The proposed purchaser refused to take the land unless a deed was obtained from said G. W. Maxwell. It appeared from the undisputed evidence on the trial of this case that said G. W. Maxwell was a resident of Eastland county, Tex., and had been for many years, and that he had been more than 21 years of age for the last 14 years. It further appeared that appellee held the land under a deed conveying the entire tract to him by metes and bounds, and that he had resided upon the land as his homestead for the last 14 years, claiming the same as his own, using and cultivating the same under said deed duly registered for all said time, and paying all taxes thereon.

The appellant sued upon a written contract, and must recover, if at all, upon the terms thereof. Had this been a suit upon quantum meruit it would have presented an entirely different aspect. The terms of said contract required that the land should be sold for one-third cash. The proposed purchaser was not willing to buy on these terms, but was willing to buy if he was allowed to pay $1,000 in cash, with this further proviso, that the seller should stand the loss of $48 discount on notes held by him, in order to obtain said cash. That appellee agreed to these terms does not make it a sale upon the terms as set out in the contract. It cannot be said that the proposition to pay $1,000 cash and execute notes for the balance, instead of one-third cash, is an immaterial difference; and, certainly, it cannot be said that the reduction in the price of $48 which would be occasioned by the seller standing the discount, is immaterial, even though the agent proposed, to stand one-half of this discount. In O'Brien v. Gilliland, 4 Tex. Civ. App. 40, 23 S. W. 244, where the contract with the broker was to sell for cash, and he produced a purchaser who was willing to buy the land and pay one-half cash and execute vendor's lien notes for the remainder, and the broker had arranged to sell these notes for cash, it was held that this was not a sale in compliance with his contract to sell for cash.

In Thornton v. Stevenson, 31 S. W. 233, it was held that where a broker was to sell property at a certain price and discussed the sale with a party who afterwards purchased from the owner at a different price, he could not recover his commissions in a suit on his contract. In a suit for commissions on a contract, the recovery must be confined to the contract itself. Eidson v. Saxon, 30 S. W. 958, 959. These are sound propositions of law, and a broker who sues upon a contract, and not upon quantum meruit, cannot recover unless he shows compliance with the contract, or unless he was prevented from carrying out the same by the seller. Owen v. Kuhn, Loeb & Co., 72 S. W. 432. Giving an agent an exclusive agency does not, of itself, preclude the owner from making a sale. J. I. Case Threshing Machine Co. v. Wright Hardware Co., 130 S. W. 729; Dole v. Sherwood, 41 Minn. 535, 43 N. W. 569, 5

L. R. A. 720, 16 Am. St. Rep. 731. And if the owner make a sale upon other and different terms from those set forth in his contract with the agent, it cannot be said that the agent has made a sale in compliance with the terms of said contract; and if in such case he is entitled to any compensation, it must be upon quantum meruit, and not upon contract.

It will be seen by reference to the contract above set out, that appellee agreed to make a "good and satisfactory deed." Appellant insists that by the expression "good deed," is meant one which can be shown to be good by an abstract thereof. To this proposition we do not assent. Had the agreement been made to furnish a good deed as shown by the abstract, appellant's contention would have been sound. We understand by the term "a good deed," not one which is good merely in form, but one which conveys a good title. Words and Phrases, 3108. But under the decisions of this state it must be held that a title by limitation is a good title. A party holding such title has "as full ownership in land as can be held under any other character of title." MacGregor v. Thompson, 7 Tex. Civ. App. 32, 26 S. W. 649; Improvement Co. v. Shelby, 17 Tex. Civ. App. 685, 41 S. W. 542. The statute declares such party shall be held to have "full title precluding all claims." Rev. St. 1895, art. 3347. See, also, on this subject, Morgan v. White, 50 Tex. Civ. App. 318, 110 S. W. 494; Branch v. Baker, 70 Tex. 190, 7 S. W. 809; Burton v. Carrol, 96 Tex. 325, 72 S. W. 581; Moody v. Holcomb, 26 Tex. 719.

Under the evidence in this case there can be no question but that the deed tendered by appellee and his wife conveyed a good title to the land; but it will be observed that the contract was not only to furnish a good deed, which we hold to mean a good title, but also a satisfactory one. It might well be questioned whether a deed conveying a good title by limitation can be held to be a satisfactory deed. Such title may be good in law, but may not be merchantable by reason of the fact that the evidence rests in parol, and is not made a matter of record, for which reason it might not be satisfactory to a purchaser. We do not think that under the term "satisfactory" it would be necessary to comply with any unreasonable whims of the proposed purchaser with reference to the title; but the fact that the title tendered him might seriously interfere with his selling the land or borrowing money thereon, might reasonably render such a deed unsatisfactory. Singerly v. Thayer, 108 Pa. 291, 2 Atl. 230, 56 Am. Rep. 207; Berthold v. Electric Co., 165 Mo. 280, 65 S. W. 792. However, under the facts of this case, and in view of our holding that the appellant had not complied with the contract in obtaining a purchaser who was ready and willing to purchase in accord-ance with the terms of said contract had the title been satisfactory, we are not called upon to decide this question.

There is one other matter which, though not necessary to the disposition of this case, perhaps ought to be passed upon, inasmuch as the same is raised by appellant's brief; and that is, that if appellee is correct in his contention that he tendered a deed in compliance with the terms of his written contract with appellant, he ought to have brought suit to enforce his contract with the purchaser. The answer to this is that he had no contract with the purchaser upon which he could enforce specific performance. Under said contract appellee and the purchaser each deposited with the bank $300 as a forfeit to be paid by the party failing to comply with the contract. Appellee's only remedy would have been suit for damages for breach of the contract, and in such suit it would have appeared that his damages were liquidated, and the extent of his recovery would have been the $300 forfeit money. It further appears from the evidence that appellee and the proposed purchaser subsequently compromised as to the forfeit money by appellee's paying $50.50, and was permitted to withdraw the remainder of the $300.

For the reasons given we think the court did not err in peremptorily instructing the jury to return a verdict for appellee, defendant in the court below, and, so holding, we affirm the judgment in this case.

Affirmed.