FIRST TEXAS STATE INS. CO. v. JIMINEZ.

(Court of Civil Appeals of Texas. San Antonio. Jan. 28, 1914. Rehearing Denied, Feb. 25, 1914.)

1. APPEAL AND ERROR (§ 724*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

In an action on a policy of life insurance, defended on the ground of suicide, where there was no statement in defendant's brief as to any clause of the policy providing against suicide, and where it was assigned as error that the beneficiary could not, under its terms, recover more than one-tenth of the policy in case of suicide, the assignments should not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. § 724.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**2. INSURANCE (§ 646\*)—ACTION ON POLICY—PRESUMPTION AND BURDEN OF PROOF.**

Under a policy excepting liability where insured commits suicide, the presumption of law is against suicide, and the insurer, defending on that ground, has the burden of establishing the fact, where the policy does require the beneficiary to establish that death was accidental.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1645–1668; Dec. Dig. § 646.\*]

**3. INSURANCE (§ 668\*)—ACTION ON POLICY—QUESTION FOR JURY—SUICIDE.**

Where the facts, in an action on a policy of life insurance excepting liability in case of suicide, indicated that the death of insured was caused by accident or by suicide, it was for the jury to say whether defendant had sustained the burden of removing the presumption against suicide.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1732–1770; Dec. Dig. § 668.\*]

**4. INSURANCE (§ 666\*)—EXTENT OF RECOVERY—INTEREST.**

Where the beneficiary, under a policy of life insurance after death of the insured, demanded the amount of the policy, refused the amount offered by the insurer, and began suit for and recovered the amount of the policy, she was entitled to interest on such amount.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1791; Dec. Dig. § 666.\*]

**5. INSURANCE (§ 602\*)—ACTION ON POLICY—AMOUNT OF RECOVERY—ATTORNEY'S FEES.**

In such case the beneficiary was entitled to attorney's fees.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1498; Dec. Dig. § 602.\*]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Maria M. Jiminez against the First Texas State Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

H. G. Dickinson, of Laredo, for appellant. Greer & Hamilton, of Laredo, for appellee.

FLY, C. J. This is a suit by appellee, the widow of Pablo Jiminez, to recover of appellant the sum of $600, insurance on his life, with interest, 12 per cent. damages for refusal to pay the policy, and attorney's fees; the whole amount being $865. The cause was tried without a jury, and judgment was rendered for the amount sued for.

[1] The defense was that Pablo Jiminez committed suicide. There is nothing in any statement made in the brief as to any clause in the policy that provided against suicide. The only reference to the provision of the policy is found in the second assignment of error, where it is stated that the beneficiary in the policy could not, under its terms, recover more than one-tenth of the policy if the insured killed himself. The assignments under such circumstances should not be considered, but we have given them full consideration.

[2] The facts show that Pablo Jiminez was killed by the discharge of a gun in his house on January 20, 1912. No one was present when the man was shot, and, while there are circumstances that point to the fact that Pablo Jiminez may have committed suicide, the jury can under the facts be justified in finding that the death was accidental and not intentional.

Appellant seems to labor under the impression that the burden was upon appellee to show that the death of her husband was accidental; but, when the death may have resulted from suicide, accident, murder, or negligence, the presumption of law is against suicide or murder, and, where the insurer defends on the ground of suicide, the burden of proof rests on him to show such fact. The terms of the policy do not provide for removing this presumption by requiring the claimant to establish by direct and positive proof that the death was caused by accidental means. The policy in this case does not seek to change the burden from appellee to appellant, but merely provides that the beneficiary can recover only one-tenth of the amount of insurance, if the injuries causing death were intentionally inflicted upon himself by the insured. The burden rested upon appellant to prove suicide. Joyce, Ins. §§ 3773–3774.

[3] The facts in this case indicated that the death was caused by accident or by suicide, but the presumption is against the latter, and, in order to successfully defend, it devolved upon appellant to remove that presumption. It was for the jury to say whether that was done by appellant. Mallory v. Insurance Co., 47 N. Y. 52, 7 Am. Rep. 410.

It is the contention of appellant that if deceased was engaged in attempting to extract a shell from the breech of the gun, which was the theory advanced by appellee, it was impossible for him to have killed himself, but the jury were not confined to that theory. It is presumed that the shell was exploded accidentally, and to support that presumption it can be assumed that the deceased was working with the gun in such way that it was pointing directly towards his heart, and that it was accidentally discharged and killed him. Mutual Life Ins. Co. v. Simpson, 28 S. W. 837. In that case it was said: "The presumption of law is against the theory of suicide, and the burden is on the party asserting it to show, not only the fact that death was caused by the act of the dead person, but by his intentional act, done with intent to bring about his death."

[4, 5] The case last cited is also authority for allowing interest on the amount of the policy and also for the allowance of attorney's fees. The judgment in that case was reversed, but not on the points enumerated, by a divided special Supreme Court, and the opinion of the Court of Civil Appeals is undoubtedly correct and has been often cited in Texas and other states. Equitable Life v. Liddell, 32 Tex. Civ. App. 252, 74 S. W. 87; Travelers' Insurance Co. v. Nicklas, 88 Md.

470, 41 Atl. 906; Knights of Pythias v. Foster, 26 Ind. App. 333, 59 N. E. 877; Grand Fraternity v. Green, 131 S. W. 442; Schon v. Modern Woodmen, 51 Wash. 482, 99 Pac. 25; Sargent v. Modern Brotherhood, 148 Iowa, 600, 127 N. W. 52.

The interest was properly allowed. Demand must have been made for the amount of the policy, because on April 18, 1912, about three months after the death of Pablo Jiminez, appellant acknowledged receipt of the "claim papers," and a check was sent to appellee for one-tenth of the principal sum and accumulation. Appellee did not accept the amount sent to her by appellant, and replied to the offer of the $44 by instituting suit for the amount of the policy, interest, and attorney's fees.

The court did not err in overruling the motion for new trial. It failed to show any diligence as to the newly discovered evidence.

The judgment is affirmed.