HEARD et al. v. BOWEN et al. (No. 5577.)*

(Court of Civil Appeals of Texas. San Antonio. Jan. 19, 1916. On Motion for Rehearing, March 15, 1916.)

1. EASEMENTS ⊜36(3)—ADVERSE POSSESSION—EVIDENCE.

Evidence held sufficient to show that plaintiffs acquired an easement or prescriptive right of way over defendant's property by adverse possession.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 77, 78, 88, 93; Dec. Dig. ⊜36(3).]

2. EASEMENTS ⊜36(2)—PRESCRIPTION—EVIDENCE.

While parol evidence showing a verbal gift of a right of way is not admissible to establish an easement, it is admissible to show that one using such easement did so adversely.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 77, 78, 88, 90–92; Dec. Dig. ⊜36(2).]

3. ADVERSE POSSESSION ⊜106(1) — ADVERSE TITLE—VALIDITY.

A limitation title when it matures is as good as any other title.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 604, 619–623; Dec. Dig. ⊜106(1).]

4. VENDOR AND PURCHASER ⊜239(1)—BONA FIDE PURCHASER—RECORDATION OF INSTRUMENTS—PRESCRIPTIVE EASEMENTS.

As the recording laws make no provision for the recordation of adverse titles or easements acquired by adverse possession, a purchaser of land across which such an easement had been acquired cannot defeat the easement on the

ground that he was an innocent purchaser and the records did not show the easement.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 589; Dec. Dig. ⊚⟱239(1).]

5. APPEAL AND ERROR ⊚⟱499(4) — ASSIGNMENTS OF ERROR — SUFFICIENCY — EXCEPTIONS.

Where the bills of exception complaining of the overruling of objections to charges and the denial of special requests did not show when the objections were made or the requests offered, or that the court's attention was called to the matter before the main charge was given, assignments based thereon will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2298; Dec. Dig. ⊚⟱499(4).]

On Motion for Rehearing.

6. APPEAL AND ERROR ⊚⟱742(5) — ASSIGNMENTS OF ERROR—STATEMENTS.

An assignment based on the charge on the ground that there was no evidence to support it need not be considered, where the statement did not set out the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ⊚⟱742(5).]

7. EASEMENTS ⊚⟱8(2, 3) — PRESCRIPTIVE RIGHTS—ADVERSE USE.

Where a verbal way over land is granted, possession under such grant is adverse; the verbal grant being void under the statute of frauds.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 24, 27–33; Dec. Dig. ⊚⟱8(2, 3).]

8. APPEAL AND ERROR ⊚⟱1033(5)—REVIEW—HARMLESS ERROR—INSTRUCTIONS.

Where the court might properly have instructed the jury that plaintiffs' holding was adverse, defendants cannot complain of an instruction on that issue; the jury having found that plaintiffs' holding was adverse and that they had acquired a prescriptive way.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4056; Dec. Dig. ⊚⟱1033(5).]

9. APPEAL AND ERROR ⊚⟱216(2)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

Where the court properly submitted a question of fact to the jury, a party who requested no instructions supplying omissions in the charge given and made no objections cannot complain of such omissions on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ⊚⟱216(2); Trial, Cent. Dig. §§ 628, 630–641.]

10. EASEMENTS ⊚⟱3(2)—PRESCRIPTIVE EASEMENTS—ACQUISITION.

Though plaintiffs' property was separated from a right of way by an alley, they may, having held the way adversely, claim it as a prescriptive easement appurtenant to their lands.

[Ed. Note.—For other cases, see Easements, Cent. Dig. § 10; Dec. Dig. ⊚⟱3(2).]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Action by Francis J. Bowen and others against A. B. Heard and another, who impleaded John D. Sipple, on whose death pending suit the cross-action was revived against Tracy D. Sipple, independent executrix. From a judgment for plaintiffs and a judgment over for the first-named defendants against the cross-defendant, all defendants appeal. Affirmed.

Haltom & Haltom, of San Antonio, for appellants. Joe H. H. Graham, of San Antonio, for appellees.

CARL, J. Appellees, Francis J. Bowen and his wife, Eleanor M. Bowen, Mrs. Mary Gaenslen, a widow, Fred B. Gaenslen and Neva Gaenslen, his wife, sued appellants, A. B. Heard and his wife, Julia D. Heard, to establish a certain easement or prescriptive right in, and to open, a certain street or roadway in South Heights in the city of San Antonio. Appellants answered, and, after denying the allegations, alleged by way of plea over that they bought said property from John D. Sipple, who warranted the title, and since he had died after suit was filed and after he was made a party, his wife, Tracy D. Sipple, independent executrix of John D. Sipple's estate, was made a party defendant on said cross-action. In a trial before a jury, a verdict was returned in favor of the plaintiffs, and in favor of the original defendants against Tracy D. Sipple as independent executrix of the estate of John D. Sipple, deceased, for $220, and judgment was entered accordingly. The original defendants and Mrs. Sipple have appealed.

[1, 2] The first and second assignments of error assert that adverse possession and user are not shown because the proof shows that appellees were using the property with the consent of the then owners and not adversely to the owners. This is based upon the fact that the evidence shows that about 1,892 appellees obtained from the Denver & San Antonio Investment Company, which owned the property at that time, permission to have water pipes laid over the property. The water company, it seems, had a rule forbidding the laying of pipes to supply water unless the appellants owned the land over which the pipes would pass. Appellees testified that they conferred with the investment company and obtained a grant or declaration of entrance over the property. They "granted and conceded the right to use that road or street." The evidence proceeds:

"I think that they (the investment company) put it in writing, but the waterworks company were not able to find the written document. I did not get any writing; in those early days they did not attend so closely to getting things in black and white as they do to-day. We got a right to use the road, and used it continuously after that. I located my house according to the street and the extension agreed upon, because I thought that would be a satisfactory and good location."

The evidence shows that only the Bowen family lived on block 98, and the road or street was used by them and their friends calling, trades people, etc., having business with them, for the road or street passed into their property. This road or street was used continuously by them from about the fall of 1892 until Heard ran a fence across it in 1910. The evidence taken as a whole is suf-

ficient to support the finding that appellees were using the road under a claim of right, and that the owners at the time recognized that right and conceded it when they gave the instrument with reference to the laying of the water pipes. The proposition made is that, in order to establish an easement by prescription, there must be a claim to the right of way adverse to that of the owner of the soil, expressly or impliedly known to the owner of the soil. The testimony is sufficient to show that they were using under claim of right the street at that time, and, while parol evidence showing a verbal gift or concession is not admissible to establish an easement in the property, it is admissible for the purpose of showing that the possession was adverse. Shepard v. G., H. & S. A. Ry. Co., 2 Tex. Civ. App. 535, 22 S. W. 267. This question was again passed upon in Smith v. Guinn et al., 131 S. W. 635, and the Supreme Court refused a writ of error. It was there held that evidence of entering on and continuing active possession and use of a lot under claim of parol gift thereof was admissible as showing that the possession was adverse, putting in operation the 10-year statute of limitation. If we take the evidence of appellees in this case as true, and we must, in deference to the jury's finding, that right to lay water pipes was a recognition and acquiescence in the claims then asserted by appellees to the right to use that street for their enjoyment of their property at the time. It was not the mere granting of a license, but was a concession in accord with a claim then being asserted. And if that was, as the cases noted held, sufficient to start the statute of limitation, there has been nothing since occurred which would stop it, up until Heard ran his fence there in 1910. See, also, Board of Trustees v. Railway Co., 67 S. W. 150; Railway Co. v. Gaines, 27 S. W. 266; Hall v. City of Austin, 20 Tex. Civ. App. 59, 48 S. W. 53; Irr. Co. v. Irr. Co., 92 S. W. 1015; McManus v. Matthews, 55 S. W. 589. The matter of whether possession is adverse is for the jury, when the evidence is conflicting, as it is in this case, and that was determined against appellants.

In Fin & Feather Club v. Thomas, 138 S. W. 155, cited by appellant:

"The evidence was sufficient to raise the issue that the act of the club in overflowing the slough was adverse to the owner of the land. There was evidence that plaintiff and his predecessors in title allowed the channel of the water on the land to become filled up by sediment, and there was no error in submitting this issue to the jury."

We see nothing in this inconsistent with the views above expressed. The assignments are overruled.

The location of the land was established with sufficient certainty, and the third and fourth assignments are overruled.

[3, 4] The fifth assignment is without merit, and is overruled. This asserts the proposition that, where one buys land without notice of an easement thereon in favor of a third party, the purchaser takes the same free from the easement. Limitation titles to land easements and similarly acquired rights are not subject to the registration laws of the state. Judge Williams has well expressed the reasons for this in MacGregor v. Thompson et al., 7 Tex. Civ. App. 34, 26 S. W. 650, where he says:

"The law creates and confers the title arising from adverse possession. It does not flow from a contract between the parties, which could be reduced to writing, and put of record. There is no privity between the possessor and him who is dispossessed, and the right of the former does not result from any act of the latter, but is the effect given by law to the possession. The adverse possessor does not hold under the former owner, but independently of him. As the law makes the title complete when the time has run, we cannot hold it necessary for the possessor to do something else, which the law has not exacted."

A limitation title is specially provided for by law, and when it matures it is just as good as any title. See Burton's Heirs v. Carroll, 96 Tex. 320, 72 S. W. 582, wherein Judge Brown discusses the matter. And yet we know of no provision of law for the registration of the same, so that the rule of innocent purchaser without notice would apply. A party buying the paper title receives only such title as his grantor has, and, if that has been lost and adverse possession is ripened into a limitation title, he receives nothing. Williams v. McComb, 163 S. W. 656; East Texas Land Co. v. Shelby, 17 Tex. Civ. App. 685, 41 S. W. 542.

This is not the same kind of a case as that where one buys without knowledge of an outstanding unrecorded deed, as in Rushing v. Lanier, 51 Tex. Civ. App. 278, 111 S. W. 1091, cited by appellant, because the law makes provision for the recording of such instruments, and provides especially what effect they shall have as against a purchaser without knowledge thereof.

For that matter, the evidence is sufficient to show that the owners of the fee did have notice of the use to which the road was being put and of the adverse claim of appellees, for Francis J. Bowen testified that he told both Sipple and Heard before either bought. In addition to this, Sipple had been the agent for the Denver & San Antonio Investment Company and had given him the name of the man who was agent for the company before he (Sipple) became agent. Heard saw the lots before he bought, and the appellees' witnesses all say there was a big plain road which any one who saw the lots could see.

[5] The objection to the court's charge set forth in the sixth assignment will not be considered, because the assignment fails to show that the objection was filed and called to the court's attention before the main charge was given to the jury, and that exception was then and there taken to the action of the court. The bill of exception says: "And to this both defendants Heard and Sipple ex-

cepted." When this was done is not stated. It is necessary to show by the bill that the objection to the charge was made at the proper time and by the court overruled, and exception reserved at the time of the ruling. Connor v. Uvalde National Bank, 172 S. W. 177; Price v. Lauve, 49 Tex. 80; I. & G. N. Ry. Co. v. Mercer, 78 S. W. 562; Anderson v. Anderson, 23 Tex. 640; Collins v. Bank, 75 Tex. 255, 11 S. W. 1053.

And for the same reason the seventh assignment will not be considered. The bill of exception simply shows:

"And be it further remembered that the defendants Heard and Sipple requested special charges 1, 2, 3, 4, 5, 6, 8, 9, 11, and 12, all of which were refused by the court, and the defendants then and there excepted to the action of the court, etc."

When did they request these charges and when were they refused and exception reserved? It certainly does not show that they were presented before the main charge was given to the jury and action then taken by the court and bill reserved.

The judgment is affirmed.

### On Motion for Rehearing.

[6] Appellant contends that the bill of exceptions on which the sixth assignment is predicated should be held sufficient. We have given the question careful consideration, and although we believe our holding is in line with the statements made in the cited cases, and the general rules with regard to the requisites of bills of exception, we have no disposition to be unduly technical in the construction thereof, and hence have decided to consider such assignment of error. The assignment is based upon an objection to a paragraph of the charge reading as follows:

"If you believe from the evidence that the Denver & San Antonio Investment Company consented to the use of the lots as a roadway by plaintiffs, and that the plaintiffs commenced and afterwards used the road, if there was one by reason of such consent of the former owner of the lots, if there was, and that such consent, if any, was revocable at the will of the said Denver & San Antonio Investment Company, then you will find for the defendants; but if you believe from the evidence that plaintiffs began to use said road under claim of right prior to said consent, if any, then this issue would become immaterial, and you cannot find for the defendants on this issue."

The only point made is that there is no evidence that the consent given by the Denver & San Antonio Investment Company was not revocable. In this connection, it is stated that a mere permissive use of a road is always presumed to be revocable at the will of the owner. This statement adds nothing to the contention. It amounts to an assumption that the evidence shows merely a permission, and not a grant intended to be permanent. The testimony relating to the consent referred to by the court is not set out by appellants in their statement, and we are justified in overruling the assignment on that ground alone.

[7-9] However, as we understand the testimony considered by us in disposing of the preceding assignments, it shows a verbal grant of the right to use the land as a road or street, upon the strength of which the grantees arranged, in building their houses, to leave open a road or street which would connect with the land over which they claim the easement, and which extension would be beneficial to the grantors. This issue was material on the question whether the possession was adverse, for a permissive use cannot be adverse; but where a grant is made, which is unenforceable because in violation of the statute of frauds, the holding under such a grant is adverse. It is evident from the nature of the transaction as shown by the testimony that the grant was intended to be permanent and not a mere permissive use. If we are correct in this, the testimony being undisputed, it was the duty of the court to so instruct; but the defendants could not have been injured by reason of the fact that the jury decided the question against them, if the court should have so decided it. But to say the least, the testimony we have in mind shows a verbal grant. and, if we have overlooked testimony disputing the same, there was at least an issue for the jury, and the only defect in the charge consisted in failing to give the jury a guide by which to determine whether it was revocable or not. No such objection was made to the charge, however, nor any effort made to supply the omission. The assignment is overruled.

[10] The seventh assignment must be overruled, unless it raises a question of fundamental error, for, in addition to the defect in the bill of exceptions pointed out in our former opinion, we call attention to the further fact that the assignment is not a copy of any paragraph of the motion for new trial, and in fact relates to a point not even mentioned in such motion. We are inclined to the view that, if the assignment points out an error, it would not be a fundamental one; but, as we conclude there is no error, we will briefly state our reasons for such conclusion, leaving the question of what is fundamental error alone, in the hope that, by the time it becomes necessary to pass upon it under similar circumstances, the Supreme Court will have given us some more definite guide than that furnished by the opinions now before us.

Appellant contends that the evidence is insufficient to support the judgment because it shows without contradiction that the land over which the easement is claimed is separated by an alley from the land to which such easement is claimed to be appurtenant. Only one Texas case is cited in support of such contention, viz., Alley v. Carleton, 29 Tex. 78, 94 Am. Dec. 260. In said case the point was not decided, but the court in describing the kinds of easements stated that an easement "appendant" is incident to an estate, one terminus of which is the land or

tenement of the party claiming it. The rule contended for by appellant is sustained by some of the earlier cases as well as text-book writers; but the more liberal view now obtains very generally that, notwithstanding neither terminus of the way is upon the close to which it is claimed appurtenant, it will nevertheless be so regarded, if it clearly appears to have been the intention of the parties that it should be. Ruling Case Law, vol. 9, p. 738; Graham v. Walker, 78 Conn. 130, 61 Atl. 98, 2 L. R. A. (N. S.) 983 and note, 112 Am. St. Rep. 93, 3 Ann. Cas. 641; Jones on Easements, § 5. As the question is an open one in this state, we feel at liberty to adhere to the more liberal rule, which is founded upon justice and common sense in preference to one based upon the shadow instead of the substance.

The motion for rehearing is overruled.