Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
MARIA BERNAL and MANUELA GARCIA,  )                  No. 08-04-00349-CV
)
                                    Appellants,                       )                             Appeal from
)
v.                                                                          )                  83rd District Court
)
ESTHER CHAVEZ,                                            )                  of Pecos County, Texas
)
                                    Appellee.                          )                  (TC# 6208)

O P I N I O N

            Maria Bernal and Manuela Garcia appeal a judgment awarding title and possession of certain
real property to Esther Chavez. For the reasons that follow, we reform the judgment and affirm the
judgment as reformed.
FACTUAL SUMMARY
            In 1983, Esther Chavez and her husband, Ricardo Chavez, moved a mobile home onto a
parcel of land in Pecos County. The land was a gift from Ricardo’s parents, Paula and Jose Chavez,
but no deed was ever executed. Esther and Ricardo established electric service in 1983. In addition
to making improvements to the mobile home, they also made improvements to the real property,
including fencing and landscaping. The final appraisal roll of property in the Pecos County appraisal
district for 1992, 1993, and 1994 reveals the names of both Jose Chavez and Richard Chavez in
connection with this property. When Esther and Richard divorced in 1996, Esther was awarded the
“mobile home situated on 20 acres


 in the Mesa View Division of the City of Fort Stockton.” Esther
paid the property taxes until 1996 when the statements “stopped coming to [her].” With the
exception of a six month period when she lived in Del Rio, Esther and her children lived
continuously on the property. Even during that period of time, Esther returned to the property on
weekends.  
            Manuela Garcia lived in a nearby house. She had known Esther since 1992 and was aware
that she lived on the property. A deed introduced into evidence reflects that on September 13, 1996,
Esther’s former in-laws, Jose and Paula Chavez, conveyed the 11.69 acre property to their daughter,
Adel Garcia, as a gift. On January 13, 1998, Adel Garcia deeded the property to her aunt, Manuela
Garcia. Manuela began paying the property taxes in 1998. 
            Esther lived on the property without objection until June 6, 2000, when an attorney sent her
a “notice of eviction” letter informing her that Manuela Garcia owned the property. The letter
demanded that she remove the mobile home and vacate the property within three days. Esther
ignored the letter and continued to live on the property. No further action was taken to evict Esther
until 2004.
            In 2002, Manuela sold the property to Maria Bernal and Eraclio Bernal for $12,000 and
entered into a contract for deed. When Maria told Esther sometime in 2002 that she was buying the
property, Esther responded that she owned the land. On April 26, 2004, Esther filed a trespass to
try title suit alleging that she had acquired the property by adverse possession. Following a bench
trial, the court made the following findings of fact:
1. In 1983, Esther moved onto the real property with her former husband;
 
2. Esther and her former husband were in continuous possession of the property from
1983 through 1991;
 
3. Esther was in sole possession of the property from 1991 forward;
 
4. Esther’s adverse claim began in 2002


 when Manuela Garcia commenced an
eviction action but did not complete it;
 
5. In 2004,


 Esther verbally repudiated Maria Bernal’s claims to the property;
 
6. Esther made improvements to the real property beginning in 1983 which include
a dwelling, water well, porch, trees, grass, and a pipe fence;
 
7. The record owner had actual and constructive knowledge of Esther’s possession. 

            The court concluded that Esther had lawful title to and possession of the property and that
she had met her burden of proof under Section 16.026 of the Civil Practice and Remedies Code. 
Consequently, the court entered judgment awarding Esther title and possession of the property and
attorney’s fees. 
LEGAL AND FACTUAL SUFFICIENCY
            In their first three issues, Appellants challenge the legal and factual sufficiency of the
evidence supporting the judgment.
Standards of Review
            In any case tried to the court without a jury, a party may request findings of fact and
conclusions of law. Tex.R.Civ.P. 296. Findings of fact have the same force and dignity of a jury
verdict. Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994); Gibson v. Bostick Roofing and Sheet
Metal Co., 148 S.W.3d 482, 489 (Tex.App.--El Paso 2004, no pet.). However, they are not
conclusive when a complete reporter’s record appears in the appellate record. Gibson, 148 S.W.3d
at 489. When the trial court acts as a fact finder, its findings are reviewed under legal and factual
sufficiency standards. In re Doe, 19 S.W.3d 249, 253 (Tex. 2000); Gibson, 148 S.W.3d at 489. 
Although a trial court’s conclusions of law may not be challenged for factual sufficiency, the
appellate court may review the conclusions drawn from the facts to determine their correctness. 
Gibson, 148 S.W.3d at 489.
            In considering a “no evidence” legal sufficiency issue, we consider only the evidence and
inferences that tend to support the findings and disregard all evidence and inferences to the contrary. 
See Weirich v. Weirich, 833 S.W.2d 942, 945 (Tex. 1992); Gibson, 148 S.W.3d at 489. If any
probative evidence supports the factual finding, it must be upheld. Sotelo v. Gonzales, 170 S.W.3d
783, 787 (Tex.App.--El Paso 2005, no pet.).
            “Insufficient evidence” or factual insufficiency involves a finding that is so against the great
weight and preponderance of the evidence as to be manifestly wrong. Id. In reviewing an issue
asserting that a finding is factually insufficient or against the great weight and preponderance of the
evidence, we must consider all of the evidence, both the evidence which tends to prove the existence
of a vital fact, as well as evidence which tends to disprove its existence. Id. It is for the fact finder
to determine the weight to be given to the testimony and to resolve any conflicts in the evidence. 
Id.
Permissive Entry
            Appellants contend that the evidence is legally and factually insufficient to establish hostility
because Esther’s initial entry was permissive and she did not give the record owner notice of the
claim until 2000 when she ignored the eviction notice. Adverse possession is “an actual and visible
appropriation of real property, commenced and continued under a claim of right that is inconsistent
with and is hostile to the claim of another person.” Tex.Civ.Prac.&Rem.Code Ann. § 16.021(1)
(Vernon 2002); Rhodes v. Cahill, 802 S.W.2d 643, 645 (Tex. 1990). The test for hostility is whether
the acts performed by the claimant on the land and the use made of the land were of such a nature
and character as to reasonably notify the true owner of the land that a hostile claim was being
asserted to the property. Masonic Bldg. Ass’n of Houston, Inc. v. McWhorter, 177 S.W.3d 465
(Tex.App.--Houston [1st Dist.] 2005, no pet.)(not yet reported).
            Appellants rely on the rule providing that use of another individual’s land with the
acquiescence of the landowner does not ripen into adverse possession unless the evidence shows that
the landowner was given notice of the adverse possession claim. See Schultz v. Shatto, 150 Tex.
130, 139, 237 S.W.2d 609, 614 (1951). In other words, possession of land by adverse claimants who
began their entry upon the disputed land with the acquiescence of the record owner cannot establish
adverse possession unless or until they give notice of the hostile nature of their possession. 
Commander v. Winkler, 67 S.W.3d 265, 269 (Tex.App.--Tyler 2001, pet. denied); Wright v. Wallace,
700 S.W.2d 269, 271 (Tex.App.--Corpus Christi 1985, writ ref’d n.r.e.). 
            Before reviewing the sufficiency of the evidence, we must consider whether Esther, by her
pleadings, judicially admitted that her initial entry was permissive. In her live pleadings, Esther
alleged that she had been in “actual, notorious, exclusive, hostile, and adverse possession of the real
property involved here, under color of title, since 1983,” and she paid taxes on the property until
1995. In the same pleadings, Esther asserted that her initial entry was permissive. At trial, Esther
testified during cross-examination that her father-in-law made a parol gift of the property, and
therefore, she entered the property with his permission. Ordinarily, a party who judicially admits a
fact in a live pleading cannot later challenge that fact. Houston First American Savings v. Musick,
650 S.W.2d 764, 767 (Tex. 1983). The facts alleged or admitted in the live pleadings of a party are
accepted as true by the court and jury and are binding on the pleader. Id. at 769. The party relying
on his opponent’s pleadings as judicial admissions of fact must, however, protect the record by
objecting to the introduction of evidence contrary to that admission of fact. Id. Because Appellants
elicited testimony which contradicted the fact alleged in the pleading, we will not treat it as a binding
judicial admission.
            Esther testified repeatedly that her former father-in-law made a parol gift of the land and she
expressly denied that she merely had permissive use of the property. Possession of a donee under
a parol gift of land is generally regarded as hostile from its inception and indicates an intent to take
as owner. See Aguirre v. Galvan, No. 08-00-00084-CV, 2001 WL 225936, at *3 (Tex.App.--El Paso
March 8, 2001, no pet.)(not designated for publication); Lutcher v. Grant, 143 S.W. 1190, 1191
(Tex.Civ.App.--Galveston 1911, writ ref’d); Smith v. Guinn, 131 S.W. 635, 636 (Tex.Civ.App. 1910,
writ ref’d). Possession under such a gift is adverse and not permissive because it is unenforceable
due to its violation of the statute of frauds. Aguirre, 2001 WL 225936, at *3; see Heard v. Bowen,
184 S.W. 234, 236 (Tex.Civ.App.--San Antonio 1916, writ ref’d).
            The trial court made a number of findings pertinent to Esther’s adverse possession claim, but
it did not expressly find that Esther’s initial entry was merely permissive or that she entered the land
adversely based on a parol gift. When findings of fact are filed by the trial court, they shall form the
basis of the judgment upon all grounds of recovery and defenses embraced therein. Tex.R.Civ.P.
299. The judgment may not be supported by a presumed finding upon any ground of recovery or
defense when no element has been included in the findings; however, when one or more elements
thereof have been found by the trial court, omitted unrequested elements, when supported by the
evidence, will be supplied by presumption in support of the judgment. Id. Because Esther’s claim
of a parol gift is supported by the evidence at trial, this finding will be presumed in support of the
judgment.
            Esther and her former husband moved a mobile home onto the property in 1983 and began
making improvements to the mobile home and the real property. Esther continued to adversely
possess the real property after she and her husband separated in 1991 and her adverse possession
continued following the divorce in July of 1996. Under these circumstances, the statutory limitations
period began running in 1983, more than ten years prior to the gift to Adel Garcia, and Esther
continued to adversely possess it thereafter. The evidence is legally sufficient to support the
challenged element.
            Turning to the factual sufficiency review, Appellants rely on Esther’s pleadings and
testimony to show that her use and possession of the land was merely permissive. In her original
petition, Esther alleged her original entry was permissive. During cross-examination, defense
counsel questioned Esther regarding an answer given to an interrogatory:
[Defense Counsel]: Can you read number 18, the question and the answer?
 
[Esther]: ‘Please state the facts or describe the circumstances for petitioner’s
statement that the ‘original entry was permissive.’
 
Plaintiff had permission from Jose and Paula Chavez.’

                                                            *          *          *
 
[Defense counsel]: And the answer to this question was that you had permission
from Jose and Paula Chavez to go into the property.
 
[Esther]: Well, Jose gave it to us. Yes. I did have permission from them. Yes.
 
[Defense counsel]: To go into the property --
 
[Esther]: To live in the property.
 
[Defense counsel]: To live in the property.
 
[Esther]: Yes, I did.
 
[Defense counsel]: To live in the property. He never gave you a deed or title?
 
[Esther]: No.
 
[Defense counsel]: So you admit that he gave you permission to live in the property.
 
[Esther]: Yes. They gave us the land.
 
[Defense counsel]: But there’s a difference.
 
[Esther]: They gave us the land with the -- we moved the trailer to the land that they
gave us. 

            When Esther’s testimony is read as a whole, she never wavered from her position that Jose
and Paula Chavez had gifted the property in 1983. Consequently, the evidence is factually sufficient
to establish that her possession and use of the property was adverse to the record owner beginning
in 1983 and continued to be adverse until the time of trial. Issues One through Three are overruled.
ATTORNEY’S FEES
            In Issue Four, Appellants argue that the trial court erred in awarding attorney’s fees to Esther. 
Attorney’s fees are allowed in adverse possession cases “if the prevailing party recovers possession
of the property from a person unlawfully in actual possession.” Tex.Civ.Prac.&Rem.Code Ann.
§ 16.034(a)(Vernon 2002). To recover attorney’s fees, the person seeking possession must give a
written demand for that person to vacate the premises at least ten days before filing the claim for
recovery of possession. Tex.Civ.Prac.&Rem.Code Ann. §16.034(b). Section 16.034 is
inapplicable here. Esther does not direct our attention to any other statute which would allow the
award of attorney’s fees. Accordingly, we sustain Issue Four. We reform the judgment to delete the
award of attorney’s fees and affirm the judgment as reformed.


February 9, 2006                                                         
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.