Adopted December 19, 1890.

---

### · WILSON LUMPKIN v. J. M. SILLIMAN ET AL.

#### No. 3079.

1.  **Description of Land — Reference to Deed.** — While it is the better rule to give a description of the land in controversy in the pleadings by describing its situation and boundaries rather than by a reference alone to other sources of information, it has been held by this court that a description by reference to deeds which are themselves identified with certainty is sufficient, at least when no objection is taken to the pleadings.

2.  **Judgment by Default.** — Suit against the maker of a vendor's lien note. Others were joined in order to adjust equities as to the ownership of the debt. The maker of the note did not answer. No interlocutory default was taken, but in the final judgment rendered upon the verdict of a jury upon issues between the other parties judgment final for the amount of the note and for foreclosure was rendered against him. On appeal *held*, no interlocutory judgment was necessary, and that judgment final was properly rendered.

ERROR from Anderson.    Tried below before Hon. F. A. Williams.
The opinion contains a statement.

*John Young Gooch* and *J. R. Burnett,* for plaintiff in error.—1.    No judgment by default having been rendered, and the cause having been tried by a jury and a special verdict rendered, it was error to render judgment against Lumpkin without a finding or verdict against him, and the verdict is too indefinite to support said judgment.    Rev. Stats., arts. 1331, 1333; Claiborne v. Tanner, 18 Texas, 78; Jackson v. The State, 21 Texas, 675; Longcope v. Bruce, 44 Texas, 436; Handel v. Elliott, 60 Texas, 147; Akin v. Jefferson, 65 Texas, 141; Moore v. Moore, 67 Texas, 294; Hodges v. Easton, 106 U. S., 408; Lane v. Lenfest, 42 N. W., Rep., 84; Pint v. Bauer, 16 N. W. Rep., 425.

2.    The judgment, in so far as it forecloses the alleged mortgage on a part of the Sarah Hodges 1280-acre survey, is erroneous, because said part is not sufficiently described or identified in the petition or judgment, and because the judgment describing said part does not follow the petition, and the description is too indefinite and uncertain to enable the sheriff

to put the purchaser in possession or to sell the land except at a sacrifice. Rev. Stats., art. 1340a; Hurt v. Moore, 19 Texas, 269; Pressley v. Testard, 29 Texas, 200; Murray v. Land, 27 Texas, 89; Davenport v. Chilton, 25 Texas, 518; Steinbeck v. Stone, 53 Texas, 385, 386; Pfeiffer v. Lindsay, 66 Texas, 124; Crosby v. Dowd, 61 Cal., 601, 603; Caldwell v. Center, 30 Cal., 539; Miller v. Miller, 16 Pick., 215; Atwood v. Atwood, 22 Pick., 283, 287; Clark v. Gage, 19 Mich., 512–515; Struble v. Neighbert, 4 Ind., 344; Whittelsey v. Beall, 5 Blackf., 143; Lawless v. Barger, 9 Bush, 665.

*Greenwood & Greenwood,* for defendants in error.— 1. The failure upon the part of L. E. Williams to take an interlocutory judgment by default against plaintiff in error could not operate to his prejudice, because the legal effect of this failure was not to take away a right, but to allow the privilege and right to plaintiff in error of pleading an answer in the original case up to the very day of trial and final judgment of the case. Rev. Stats., arts. 1282, 1284, 1287.

2. The plaintiff in error having failed to appear and answer, and having failed to demand a jury trial and to submit special issues, had no right to expect a jury trial or to expect a verdict of a jury. Rev. Stats., art. 1286.

3. A description in a deed or mortgage is sufficient if the description by reference is such as to enable a public officer to identify the land by referring to the instrument referred to; such, for example, as a deed by Thomas B. Roundtree and Susan Roundtree to Wilson Lumpkin, bearing date February 2, 1858, and a further deed by M. Lumpkin of —— date. Berry v. Wright, 14 Texas, 270; Early v. Sterrett, 18 Texas, 116; Kingston v. Pickins, 46 Texas, 99; Ragsdale v. Robinson, 48 Texas, 379; Wilson v. Smith, 50 Texas, 365; Norris v. Hunt, 51 Texas, 614; Steinbeck v. Stone, 53 Texas, 385.

HENRY, ASSOCIATE JUSTICE.—The appellant was sued as the maker of a note secured by a mortgage, to recover the amount of the note and foreclose the mortgage.

Two other parties were joined as defendants for the purpose of adjusting certain equities with regard to the ownership of the debt.

One tract of land upon which a foreclosure of the mortgage was sought was described in plaintiff's petition as follows: " 640 acres in the Sarah Hodges 1280-acre survey, being the same conveyed to me (Wilson Lumpkin) by Thomas P. Roundtree and Susan Roundtree by deed dated 2nd day of February, 1855, and by M. Lumpkin by deed of date ——."

The defendant Lumpkin was duly served with citation, but made default.

No interlocutory judgment by default was taken against him, but in the final judgment rendered upon the verdict of a jury upon issues be-

tween the other parties judgment final for the amount of the note and for foreclosure of the mortgage was rendered against him.

In this judgment the land included in the foreclosure was described in the same language that it was described by in the petition, except that the name "Susan Roundtree" was omitted.

The appellant seeks to reverse the judgment upon the grounds:

"1.   Because no judgment by default having been rendered, it was error to render a judgment against Lumpkin without a verdict against him.

"2.   Because the above referred to tract of land was not sufficiently described in the petition or judgment, and because the judgment varies from the petition in the description of the land "

Objection to the description contained in the pleading should have been raised by an exception to the pleading.   It was proper for the description in the judgment to conform to that pleaded.

There was no material variance in the judgment from the land described in the petition.   The description in the judgment omits a single item of description contained in the pleading, but corresponds with that description in every other particular, and evidently refers to the same land.

While it is a better rule to give a description of the land in controversy in the pleadings by describing its situation and boundaries rather than by a reference alone to other sources of information, it has been held by this court that a description by reference to deeds which are themselves identified with certainty is sufficient, at least when no objection is taken to the pleading.   Steinbeck v. Stone, 53 Texas, 385.

The cause of action against the defendant Lumpkin was "liquidated and proved by instruments in writing," and he having been duly served and having failed to answer, it was proper for the court to render the judgment it did against him at any time.

While an interlocutory judgment by default could have been properly entered against him, it was not essential for it to be done, nor did the failure to do it at all affect the right to include him in the final judgment.

The judgment is affirmed.

*Affirmed.*

Delivered December 19; 1890.