## Jacob D. Goldman v. W. E. Douglass et al.

### No. 3213.

**Description in Trespass to Try Title.**—The petition in trespass to try title described the land sued for as "a part of the John Gillespie survey, situated in the city of Greenville, Hunt County, Texas, beginning at the southeast corner of the old town donation; thence east with Mercer's Colony line 173¾ varas; thence north 325⅛ varas; thence west 173¾ varas to old town donation; thence south 325⅛ varas to the beginning; except that part previously conveyed to Hagood, Dagley, and Ende by J. W. Hawkins." A motion in arrest of judgment for the plaintiff urged for the want of sufficient description was granted. *Held*, it is not apparent that the land in controversy can not be accurately pointed out by means of the description and references in the petition, and it was error to sustain the motion in arrest of judgment.

APPEAL from Hunt.   Tried below before Hon. Frank Pendleton, Special District Judge.

The opinion states the case.

*Yoakum & Looney*, for appellant.—1.   The description of the land in controversy as contained in plaintiff's petition is sufficient; the references therein contained furnish data by which the land can be found and identified with certainty.   71 Texas, 523.

2.   If plaintiff's petition was defective in the particulars mentioned in defendant's motion in arrest, they were formal defects such as could only be reached by special exception to plaintiff's petition, and can not be taken advantage of by a motion in arrest, having been cured by the judgment.   2 Texas, 206; 9 Texas, 239; 22 Texas, 405; 26 Texas, 76; 28 Texas, 610.

*Grubbs & Hefner*, for appellees.—The description of the land sued for must be sufficient and definite to enable the sheriff without the aid of oral evidence to properly execute the writ of possession, and if any portion of the land embraced in the general description is excepted out of same, its metes and bounds should be set out or the records containing the same particularly referred to.   Aldridge v. Mardoff, 32 Texas, 205; Hearne v. Erhard, 33 Texas, 67; Hurt v. Moore, 19 Texas, 270; Murray v. Land, 27 Texas, 89; Wofford v. McKinna, 23 Texas, 36; Davis v. Farnes, 26 Texas, 296; Hobby's Land Law, sec. 442.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by the appellant.

The description of the land contained in plaintiff's petition was as follows:   "A part of the John Gillespie survey, situated in the city of Greenville, Hunt County, Texas, beginning at the southeast corner of the old town donation; thence east with Mercer's Colony line 173¾ varas; thence north 325⅛ varas; thence west 173¾ varas to old town donation; thence south 325⅛ varas to the beginning; except that part previously conveyed to Hagood, Dagley, and Ende by J. W. Hawkins."

There was a judgment for the plaintiff by default, in which the land was described substantially as it was in the petition, except that the designation of place was omitted.   A motion in arrest of the judgment on the ground of the insufficiency of the description of the land contained in the petition was made more than two days after the judgment was rendered.   This motion was sustained by the court, and the plaintiff having declined to amend his petition his suit was dismissed.

We feel constrained, by former decisions of this court, to hold that there was error in dismissing plaintiff's suit because of the insufficient description of the land sued for in his petition.   Crabtree v. Whiteselle,

65 Texas, 111; Steinbeck v. Stone, 53 Texas, 385; Wilson v. Smith, 50 Texas, 365.

In such cases as the one before us the better practice is for the plaintiff to ascertain and give in his petition an accurate description of the land sued for, and a failure to do so is not to be commended. If the duty is omitted in the pleading he may aid the officer who executes the writ of possession by then producing the deeds and performing such acts as may be required to definitely point out the land to which the description in the judgment applies. If he fails in that duty he can not demand an execution of the writ by the officer, nor can he be permitted to prejudice the rights of other parties by causing the writ of possession to be executed upon any property not properly embraced in the description given in the pleadings and judgment. It is not apparent that the land in controversy in this suit can not be accurately pointed out by means of the description and references contained in the petition, to which the judgment should be made to conform.

The judgment is reversed and the case is remanded.

*Reversed and remanded.*

Delivered October 16, 1891.