WILLIAMS et al. v. McCOMB et al.

(Court of Civil Appeals of Texas. Austin. Dec. 24, 1913. Rehearing Denied Feb. 5, 1914.)

1. APPEAL AND ERROR (§ 759*)—ASSIGNMENT OF ERROR—BRIEF.

A motion to disregard assignments of error because not correctly copied in a brief will be overruled, where the omitted portions embrace merely the reasons upon which the assignments are based, and the omission inures to the benefit of the appellate court in that it saves it the labor of investigating the reasons assigned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

2. MORTGAGES (§ 494*)—FORECLOSURE—JUDGMENT—DESCRIPTION OF LAND—SUFFICIENCY.

That the judgment in mortgage foreclosure proceedings did not describe the land by calls did not invalidate it, where it described the land as a certain number of acres out of a certain survey described by metes and bounds and stated that it was the land covered by a recorded deed, and such deed clearly identified the land.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1441–1445; Dec. Dig. § 494.*]

3. ADVERSE POSSESSION (§ 16*)—REQUISITES.

Where the grantee's deed sufficiently described the land by metes and bounds and was duly recorded for more than five years, and his vendors had had possession thereunder during such time, paying all taxes, he acquired title by the five years' statute of limitations.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 82–89; Dec. Dig. § 16.*]

4. VENDOR AND PURCHASER (§ 232*)—INNOCENT PURCHASER—ADVERSE POSSESSION.

That the opposing claimants are innocent purchasers without notice for a valuable consideration will not defeat a title acquired under the three years' statute of limitations; the doctrine of innocent purchaser not applying against a person holding title by limitation.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 540–545, 548–562; Dec. Dig. § 232.*]

5. VENDOR AND PURCHASER (§ 87*)—RESCINDED SALE—TITLE.

Where vendors took vendors' lien notes for the purchase money, and the purchaser, after living upon the land two years, failed to pay anything therefor, and surrendered the land to the vendors, delivering to them the deed, which had not been recorded, upon their cancellation of his notes, there was then no title in him.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 147; Dec. Dig. § 87.*]

Error to District Court, Montgomery County; L. B. Hightower, Judge.

Trespass to try title by Mrs. Lula B. McComb, individually and as survivor of the community of herself and her husband, W. P. McComb, against John C. Williams and another, wherein the Lamberton Drilling Company intervened as a defendant. From a judgment for plaintiffs, defendants bring error. Affirmed.

John C. Williams, of Houston, for plaintiffs in error. Dean, Humphrey and Powell, of Huntsville, and J. T. Rucks, J. Llewellyn, and W. N. Foster, all of Conroe, for defendants in error.

Statement of the Case.

RICE, J. This suit was originally instituted by Mrs. Lula B. McComb, individually and as survivor of the community estate of herself and deceased husband, W. P. McComb, against John C. Williams and the Huntsville State Bank, in trespass to try title to 984 acres of land out of the Lemuel Smith two-thirds league survey in said coun-

ty, described by metes and bounds, except 100 acres thereof formerly conveyed out of said tract, averring that she was the owner thereof by fee-simple title, and also pleaded the statutes of three, five, and ten years' limitation. Subsequently the Lamberton Drilling Company intervened in said suit and was also made party defendant.

Williams answered by general demurrer, general denial, and plea of not guilty. The bank disclaimed, and judgment went against it on its disclaimer. The Lamberton Drilling Company by its plea of intervention set up that it was the owner in fee simple of said land, having purchased the same from John C. Williams about the 4th of February, 1910, and was entitled to make defense to said action by reason thereof, and pleaded general denial, not guilty, and specially alleged that on the 20th of July, 1907, said Williams, being the owner of the land, borrowed from the Huntsville State Bank $1,210, for which sum he executed his note, payable to said bank, with interest and attorney's fees, and to secure the same gave said bank a mortgage on said land; that he subsequently defaulted in the payment of said note, whereupon the bank brought suit against him thereon, and obtained judgment foreclosing its mortgage lien upon said land, which judgment intervener purchased from the bank, paying the sum of $1,587.54 therefor, in evidence whereof the bank, by instrument in writing, conveyed to intervener said judgment; that on the 4th of February, 1910, intervener purchased the land from Williams by warranty deed, which intervener accepted in full satisfaction and discharge of said judgment; that, at the time the Huntsville State Bank made the loan and took the mortgage upon said land, it had no notice or knowledge that plaintiff owned or claimed any interest in said land; and that, at the time intervener purchased said judgment and said land, it had no notice or knowledge thereof, for which reason it prayed judgment against the plaintiff and defendant for said land. In the alternative it alleged that if mistaken in believing that it was the owner in fee simple of said land, and in the event that the court should hold that Williams, at the time of the execution of said deed, was not the owner thereof, then intervener alleged that, by reason of being the owner of said judgment, which was a valid, subsisting, and unsatisfied lien thereon, said Williams was indebted to it in the full sum of $1,587.54, the amount of said judgment, together with interest, and prayed for foreclosure of its lien upon said land against plaintiff and all of the defendants for the satisfaction of said judgment debt.

By supplemental petition, defendant in error pleaded: (1) General denial against the plea of intervention, and specially denied that said intervener purchased said judgment from said bank, but averred that it purchased the land in controversy from the defendant Williams, and that either the Lamberton Drilling Company or defendant Williams paid off, out of the money which it paid to Williams, the judgment of said bank, and, in order to strengthen its apparent title, said drilling company procured a transfer of said judgment from the bank; and (2) specially denied that at the time that Williams, the Huntsville State Bank, the intervener, and the Lamberton Drilling Company, or either of them, acquired any claim or right to the land in controversy, they did so without notice of plaintiff's right and title therein; and (3) specially denied that they or either of them acquired any claim or right to the land in controversy by their purchase thereof, or by said judgment, but, on the contrary, averred that long prior to Williams' alleged purchase thereof from the heirs of Stephen C. Thompson, she was the owner by fee-simple title, and also owned the same under the statute of limitations of three, five, and ten years, as set forth in her amended petition, and that defendants and interveners had notice of her right and title thereto at the time of the acquisition of their respective claims, for which reason they were not innocent purchasers as against her title to said land under said statute of limitation; (4) defendant in error further set up that, before intervener acquired any interest in the land in controversy, she had instituted this suit against the defendant Williams and the Huntsville State Bank, and had caused lis pendens notice to issue and to be recorded as required by law.

There was a trial before the court without a jury, resulting in a judgment for Mrs. Lula McComb, from which this writ of error is sued out.

It was agreed between the parties, among other things, that Stephen C. Thompson was the common source of title of all the parties hereto to the land in controversy in this suit, and that he was the owner of said land by regular and consecutive chain of title, extending to him from the sovereignty of the soil; and we find that, after the death of Stephen C. Thompson, his heirs at law conveyed the land in controversy to F. M. Long, under whom defendant in error Mrs. McComb claims the land, having shown a regular chain of title from him down to her husband, W. P. McComb. We also find that the evidence showed title in her to the land in controversy by virtue of the three and five years' statutes of limitations.

### Opinion.

[1] We overrule the motion of defendants in error to disregard all of plaintiff in errors' assignments of error, except two, upon the ground that the same were not correctly copied in their brief. While these assignments are not copied in the brief in full, the portions omitted embraced the reasons upon which the assignments are based; but, since

the assignments were good without a statement of such reasons, the failure to copy them inured to the benefit of the court, in that it saved us the labor of investigating the several reasons assigned. Wherefore we conclude that the motion should be overruled.

[2] The chief contention presented by the first, third, fourth, and fifth assignments is that the land involved is not sufficiently described in the judgment in the Coryell county case, and in the sheriff's deed thereunder, as well as certain other deeds containing the same description of the land as embraced in said judgment, wherefore said judgment and deeds are void for uncertainty of description. As these questions relate to the same supposed vice in plaintiffs' title, it will not be necessary to discuss them separately. In the judgment the land is described as 984 acres out of the Lemuel Smith two-thirds league survey, situated in Montgomery county, Tex., said two-thirds league survey being described by metes and bounds; after which it is referred to as being the same land deeded to L. S. Brooks on the 2d day of August, 1879, by deed from F. M. Long, recorded in the deed records of Montgomery county, Tex.; and the evidence shows that the land conveyed by said deed was the land in controversy. It has been held that, while it is best to so describe land as to identify it by the calls in the particular instrument under consideration, yet if the same is not done, but other sources of information are referred to for more perfect description by which its identity can be determined, this will be sufficient. See Lumpkin v. Silliman, 79 Tex. 165, 15 S. W. 231; Steinbeck v. Stone, 53 Tex. 385. Extraneous evidence may be admitted to aid the description in a judgment. See Kelly v. Howard, 94 S. W. 380; Focke v. Garcia, 41 S. W. 187; Pierson v. Sanger, 93 Tex. 160, 53 S. W. 1012. Under these authorities, we do not think the judgment or deeds were void for want of sufficient description, and therefore overrule these assignments.

The sixth and seventh assignments urge that the proof is insufficient to establish the execution and delivery of the deeds from the heirs of Stephen C. Thompson to F. M. Long and from Long to L. S. Brooks, both of which were lost. We differ with plaintiffs in error in this respect, and hold that the proof is amply sufficient to show the execution and delivery of these deeds, and that they were for the identical land in controversy. It clearly appears that Thompson in his lifetime owned only this one tract of land, and parties who were well acquainted with him and familiar with the land testified to having seen the deeds referred to; and Long himself fully establishes the execution and delivery of both of said deeds.

[3] We feel justified in holding that the evidence fully shows title to W. M. McComb,

the husband of defendant in error, to one-half of the land under the five years' statute of limitation. The deed under which he held sufficiently described the land by metes and bounds, and was duly recorded for more than five years, and his vendors had possession thereunder during such time, paying all taxes thereon.

[4] And, as to the other half of said land, the evidence is ample, we think, to warrant us in holding that she holds title thereto under the three years' statute of limitation; and the title so acquired by her cannot be defeated on the ground that plaintiffs in error were innocent purchasers, without notice, for a valuable consideration, because the doctrine of innocent purchaser does not obtain against a person holding title by limitation. See MacGregor v. Thompson, 7 Tex. Civ. App. 32, 26 S. W. 649, and East Texas Land Co. v. Shelby, 17 Tex. Civ. App. 685, 41 S. W. 542. We think the facts, however, show that both Williams and the drilling company had notice of Mrs. McComb's title before their purchase; and certainly the latter had lis pendens notice at the time it acquired its interest in said land.

[5] We overrule the eleventh assignment, contending that the proof showed an outstanding title in 157 acres in G. H. Hart. The facts seem to be that Jones and Friend, the vendors of McComb, prior to the conveyance to him, had sold a tract of 157 acres to Hart, taking vendor's lien notes for the purchase money. Hart lived upon the land two years, failed to pay anything therefor, and surrendered the land to his vendors, delivering the deed to them (which had not been recorded) upon their cancellation of his notes. This, we think, failed to show any outstanding title of any character in him.

The remaining assignments have been duly considered, but, in our opinion, are without merit.

Finding no error in the proceedings of the trial court, its judgment is in all respects affirmed.

Affirmed.