## HUNT v. SOUTHERN MATERIALS CO.
### No. 12292.

Court of Civil Appeals of Texas. Galveston.
May 10, 1951.

Rehearing Denied May 31, 1951.

Robt. M. Lyles, of Angleton, for appellant.

Comer Burton, of Angleton, for appellee.

MONTEITH, Chief Justice.

Appellee, Southern Materials Company, brought this action in the District Court of Brazoria County for recovery of the sum of $1,437.50 alleged to be due on a certificate of special assessment for the paving of a street in the city of Velasco in Brazoria County, Texas and for foreclosure of its alleged statutory lien on appellant's property abutting said paving, and for attorney's fees. Appellant answered by a special plea that there had been no substantial compliance with the contract for such paving and that the acceptance of the paving by the city authorities constituted a fraud perpetrated upon appellant. Appellant further alleged, in an affidavit opposing the granting of a summary judgment, that the property against which the assessment was sought was his business homestead. A summary judgment was rendered by the trial court based on appellee's allegations that appellant's pleading had raised no genuine issue as to any material fact.

The facts in this appeal are similar in all respects to the facts in the case of Fonville v. Southern Materials Company, Tex. Civ.App., 239 S.W.2d 885, today affirmed by this Court, except that appellant in this action has set up in his affidavit that the property abutting the paving on South Fourth Street on which appellee sought a lien was his homestead, whereas in the case of Fonville v. Southern Materials Company no such claim was made.

In this case, as in the case of Fonville v. Southern Materials Company, appellee relies on Rule 166–A, Texas Rules of Civil Procedure, and on Article 1105b, Vernon's Annotated Civil Statutes, both of which are fully set out in the Fonville opinion.

This appeal, however, differs from the Fonville appeal in that the affidavit filed by appellant herein raises an issue of fact as to whether appellant had claimed and used the property on which the lien was sought as his business homestead.

In the case of Board of Public Instruction, etc. v. Meredith et al., 5 Cir., 119 F.2d 712, it is held that to authorize the rendition of a summary judgment, a supporting affidavit must consist of a statement of fact which the affiant knows and is able to substantiate on a trial of the case. Citing Banco de Espana v. Federal Reserve Bank of New York, 2 Cir., 114 F.2d 438.

It seems to be the law in this state established by our Federal Courts that Rule 166–A, Texas Rules of Civil Procedure, has as its source Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A., which provides a method for promptly disposing of actions where the pleading and proof submitted by the parties fail to disclose the existence of a genuine issue of any material fact.

The affidavit of appellant, G. M. Hunt, on which he relies has, we think, sufficient probative force to raise an issue of fact and that a trial of the case may show that the appellant was correct in his conclusions. Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318.

Under these facts, the summary judgment rendered by the trial court must, we think, be reversed and the cause remanded here for a new trial.

Reversed and remanded.