JONES et al. v. WILLOUGHBY et al.

No. 4783.

Court of Civil Appeals of Texas.  El Paso.

Oct. 17, 1951.

Rehearing Denied Nov. 28, 1951.

Second Rehearing Denied Dec. 19, 1951.

E. B. O'Quinn, Marfa, for appellants.

Upton, Upton, Baker & Griffis, San Angelo, Alfred E. Creigh, Jr., Alpine, for appellees.

PRICE, Chief Justice.

This is an appeal by Ernest Jones from a summary judgment entered on the motion of Ray W. Willoughby, the defendant in the cause. Ernest Jones and wife will be hereinafter referred to as plaintiffs and Ray W. Willoughby as defendant. It was a suit in trespass to try title and to set aside a judgment of foreclosure on account of inadequacy of description of the land involved. Plaintiffs in their petition described the lands sued for as situated in Brewster County, Texas, (a) all those certain lands described in and conveyed by that certain deed dated August 1, 1945, executed by Gilmer A. Morris and wife, recorded in Volume 107, pages 19 et seq., of the deed records of Brewster County, Texas, to the said Ernest Jones; (b) all those certain lands and premises described in and conveyed by that certain deed dated August 29, 1946, executed by Frank Reeder and wife to the said Ernest Jones, recorded in Volume 109, pages 542 et seq., of the deed records of Brewster County, Texas; (c) all those certain lands and premises described in and conveyed by that certain deed dated August 27, 1946, executed by L. C. Purnell and wife to the said Ernest Jones, recorded in Volume 109, pages 540 et seq., of the deed records of Brewster County, Texas. Applicable to each of the foregoing tracts the following averment is made: "* * * and reference is here made to all such deeds above mentioned and their said respective records for a more particular description of said lands herein sued for, and by such reference same are here made a part hereof in this petition." Plaintiffs further plead recovery by defendant Willoughby against Jones and wife on September 19, 1949, of a judgment in cause No. 2525 on the docket of the court. This judgment was alleged to be in the sum of $55,024.17, and provided for foreclosure of certain alleged or purported deed of trust liens recited. Reference is made to said judgment as filed among the papers in said cause and as recorded in the minutes of said court, for all purposes, and same by such reference are hereby made a part of the petition. It is further alleged that for want of description of the land foreclosed upon said judgment was entirely void as a foreclosure and the said instruments which the judgment purports to foreclose are likewise each and all averred to be void

for want of sufficient description of the land. Recovery of the land as described in the petition is sought, the setting aside of the various deeds of trust and the judgment of foreclosure.

Defendant answered by special exceptions and answered in bar as follows: "For answer herein, if required, this defendant denies all and singular the allegations of facts alleged by plaintiff other than the contents of the records referred to, and of this he puts himself upon the country."

The special exceptions urged by defendant were not passed upon. The defendant thereafter filed a motion for a summary judgment. This motion was unverified, neither party filed affidavits nor were there any stipulations as to facts or admissions. In substance the motion invoked the judgment as set out in plaintiff's petition, and said that the record showed it was the same land involved herein. The court sustained the motion of defendant for the summary judgment and decreed that the plaintiffs take nothing. The judgment recites that " * * * the court proceeded to examine the pleadings, matters of record and such motion on file herein, and after hearing the argument of counsel is of the opinion and so finds that defendant, Ray W. Willoughby, has given notice of said motion for summary judgment as provided by the rules, that there exists no genuine issue as to any material facts between the parties, in fact, as a matter of law the defendants herein are not guilty of the wrongs and trespasses alleged by plaintiffs. * * *"

Contained in the transcript as same was filed herein by appellant is plaintiff's petition, defendant's answer, defendant's motion for summary judgment. On our own motion in pursuance of Texas Rule of Civil Procedure No. 428 we ordered the court to send up certified copies of the following instruments:

First: A certified copy of the judgment and pleadings in cause No. 2525 wherein Ray W. Willoughby was plaintiff and Ernest Jones and wife Louise Jones were defendants; Second: Certified copy of the order of sale issued in said cause No. 2525, together with Sheriff's return; Third: Copy of alias order of sale dated December 7, 1949, in said cause No. 2525, together with Sheriff's return thereon; Fourth: Certified copy of deed dated January 3, 1950, executed by Jim Skinner, Sheriff of Brewster County, Texas, to Ray W. Willoughby, copy of the deed filed in the court below in this cause; Fifth: Certified copy of deed by Gilmer A. Morris and wife to Ernest Jones, recorded in Vol. 109, pages 19 et. seq., of the deed records of Brewster County, Texas; Sixth: Certified copy of deed filed in this cause dated August 29, 1946, from Frank Reeder and wife to the said Ernest Jones, recorded in Vol. 109, pages 542 et. seq., of the deed records of Brewster County, Texas; Seventh: Certified copy of deed filed in this cause from L. C. Purnell and wife to Ernest Jones dated August 27, 1946, recorded in Vol. 109, pages 540 et. seq., of the deed records of Brewster County.

Plaintiff averred in substance that he had filed certified copies of the above deeds wherein he was grantee and a certified copy of the judgment in cause No. 2525; certified copy of order of sale issuing thereon together with the Sheriff's return; certified copy of the deed from the Sheriff to him, certified copy of deed dated January 3, 1950 from Jim Skinner as Sheriff to Ray W. Willoughby. It is averred the above listed certified copies having been so filed in said cause and this notice thereof here given under the provisions of Rule 798 of Rules of Practice and Procedure in civil actions promulgated by the Supreme Court of Texas. Said Rule 798 is as to title from a common source providing in substance that plaintiff may make proof by certified copies of the deeds showing a chain of title to the defendants emanating from and under such common source. In such rule it is provided such certified copies shall not be evidence of title in the defendant unless offered in evidence by him. Plaintiff may make any legal objection to such certified copies or the originals thereof when introduced by the defendant.

At the time the order was made the majority of the court was of the opinion that each and all of the above recited in-

struments were part of the record herein, and that the trial court and this court were entitled to consider same in passing on the motion for summary judgment. This action was thought to be in conformity with the authority conferred by Rule or Civil Procedure No. 428. We are now of the opinion that the copies of the deeds filed by plaintiff as showing a common source were no part of the record proper, and their inclusion in the transcript was error. We are forced to this conclusion by the very terms of the rule authorizing the filing of such instruments for the purpose of showing common source. Rule 798 specifically provides such certified copies shall not be evidence of title in the defendant unless offered by him. It is not thought that the giving of notice in the petition of the filing of the copies of such deeds made same a part of the petition and part of the record in the cause.

The judgment in cause No. 2525 stands on a somewhat different footing. This judgment, by reference thereto is specifically made a part of plaintiff's petition. It would seem to exalt form over substance to require a copy of the judgment shown in the minutes of the very court in which profert thereof was made. In our opinion the trial judge properly considered the judgment in the cause as part of the record in passing on the motion for summary judgment.

A judgment is the sentence of the law on the facts in the record. Allen West Commission Co. v. Gibson, Tex.Civ.App., 228 S.W. 342. In case of a summary judgment it is still the sentence of the law on the facts in the record, such facts being uncontrovertibly established. If such is not the case, a summary judgment cannot be rendered under the very terms of the law authorizing the same. Subdivision (c) of Rule 166–a, Rules of Civil Procedure, provides: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

It is not required that the motion be verified. The facts stated in the unverified motion are in no way evidenced or established thereby. In this case the judgment was entered on the record. The record consists of the pleading of the parties; it is considered that the judgment in cause No. 2525, that is, the foreclosure suit, was part of the record herein in that it was by reference adopted and made part of plaintiffs' petition. The various other instruments filed to show common source are not considered part of the record therein, this by virtue of Rule 798. If plaintiff offers them for the limited purpose of showing common source, defendant cannot take advantage of same as showing or establishing his title. The record herein consists of the pleadings of the parties and the judgment in cause No. 2525.

If these fail to show that plaintiff had title to the land, then summary judgment was properly entered for the defendant. In this case, as it is our duty to determine the correctness of the court's action in rendering summary judgment, we must look to the record alone. The motion here is analogous to a general demurrer. Rule 783 provides the requisite for petition in trespass to try title. Tested by this Rule it would seem that the petition states a cause of action for the premises sued for. The description of the premises is perhaps not in strict accord with the rule. In the absence of special exception the description is deemed sufficient. The only thing that in any way tends to show as a matter of law that plaintiffs are without title to the premises sued for is the judgment in cause No. 2525. This judgment we have held was by reference incorporated in plaintiff's petition. Unless this judgment shows that the judgment in its execution terminated the title of plaintiffs, then the summary judgment should not have been rendered.

Unless the three deeds in which he is grantee, filed for the purpose of showing common source of title, constitute part of the record in this case the record fails to show that the land described in plaintiff's petition herein is the same as the lands described in the judgment in cause No. 2525. It is true plaintiff in his petition charges

that the description is so vague and indefinite in the judgment that no land is described. Even though some land is described in the judgment, that does not establish or tend to establish that it is the same land sued for herein.

It must be that one seeking a summary judgment has the burden of establishing that there is no controversy as to facts and that all that is involved is the application of the law to facts that are established as such as a matter of law. 41 Am.Jur. p. 526, Sec. 343; Parmelee v. Chicago Eye Shield Co., 8 Cir., 157 F.2d 582, 168 A.L.R. 1130. It is said in the case of Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318, 322: "On a motion for a summary judgment the burden of establishing the nonexistence of any genuine issue of fact is upon the moving party, all doubts are resolved against him * * *."

The real and substantial contention of defendant was that the judgment and its execution extinguished any and all title that plaintiffs claimed in and to the lands in controversy. The record proper, in our opinion, fails to show as a matter of law that the land described by reference in plaintiffs' petition was the same land upon which the defendant foreclosed his deed of trust liens and bought in at the foreclosure sale.

It is ordered that the judgment of the trial court be reversed and the case remanded for trial.

SUTTON, Justice.

I concur in the disposition made in this case by the Chief Justice and desire to repeat what he has probably much better said, that the record in the case discloses a fact issue to be determined. In a summary judgment proceeding the Court may not decide an issue of fact, but may determine only if a material issue of fact is presented for determination. If there is none, then the judgment may be entered on the record, but otherwise it may not. It seems to me the first ground contained in the motion for the summary judgment raises an issue of fact. It cannot be determined from the record if the lands sued for are the same lands foreclosed upon and purchased at the foreclosure sale. Evidence must be resorted to to determine that issue. Further, there are many parts of surveys listed in the description contained in the judgment in cause No. 2525 which cannot be identified from such descriptions. If the descriptions be good they can only be made good by a resort to proof outside the record. The motion undertook to make the judgment in 2525 a part of the record and invited the Court to consider it, together with the records and pleadings in such cause, and it is manifest from the judgment in this case the Court did consider it and the records in connection therewith. So, it seems to me, under the record alone the trial court was not authorized to render the summary judgment.

McGILL, Justice (dissenting).

The following opinion down to page 19 thereof was written and submitted to my associates on January 12, 1951. At that time a majority of the court took the view that the certified copy of the judgment and pleadings in cause No. 2525, and of the orders of sale issued in said cause and of the three deeds filed in this cause, the record of which is referred to in plaintiffs' petition, were a part of the record in this cause, and under authority of Rule 428, T.R.C.P. by order dated March 7, 1951, they directed the clerk of this court to issue a writ of certiorari to the clerk of the trial court to send up these instruments. In compliance with the writ so issued the clerk of the trial court did send up the instruments referred to which were received by the clerk of this court on March 17, 1951.

The writer did not concur in the order referred to, taking the view that it was incumbent upon appellant to bring to this court such portions of the record as were essential to show error in the trial court's judgment, and further because he entertained grave doubt whether matters of which the trial court could take judicial notice but were not made a part of the record proceedings in that court were properly a part of the record which could be brought before this court. It was his view that appellant could have easily

346

made these instruments a part of the record in the trial court, either by attaching copies thereof to his petition or by affidavits filed in opposition to appellee's motion for a summary judgment, and that since he had not done so the instruments referred to were not properly part of the record in this cause which this court could properly require the clerk of the trial court to send up under Rule 428, and that from the entire record which appellant did bring before this court it appeared that it would be inequitable and unjust in this case to lend the aid of this court to appellant in order to enable him to perfect a record which might show reversible error. I am still of this opinion. The portion of the following opinion down to page 19 was based on the record which the appellant brought before this court:

Appellants prosecute this appeal from a summary judgment rendered against them on August 30, 1950, by the 83rd Judicial District Court of Brewster County. The plaintiffs below were Ernest Jones and wife, Louise Jones, and E. B. O'Quinn, appellants here, and the defendants were Ray W. Willoughby, Jim Skinner, Sheriff of Brewster County, National Finance Credit Corporation of Texas, a corporation, and A. A. Abernathy, trustee, appellees here.

Since the judgment was rendered on the unverified motion of defendants without the aid of supporting affidavits, under Rule 166–A, R.C.P. the judgment must stand or fall on the pleadings and the motion in the light of matters of record of which the court could take judicial notice. Therefore a rather full summation of the pleadings is deemed necessary.

By an action in the statutory form of trespass to try title plaintiffs sought to recover title to and possession of certain lands described in their petition by reference to the record of three deeds of record in Brewster County, whereby such lands were conveyed to plaintiff Ernest Jones, reference being made to the volume and page of the deed records of Brewster County where such deeds were recorded, for a more particular description of the lands. It is alleged that plaintiff E. B. O'Quinn acquired an undivided one-half interest in such lands by deed from Earnest Jones dated December 7, 1949, which was of record in the deed records of Brewster County, reference to volume and page of such records being made for a more particular description of such lands. Plaintiffs prayed for judgment for title and possession of the lands so described. It was further alleged that on September 19, 1949, defendant Ray W. Willoughby in cause No. 2525 in the district court of Brewster County, recovered a judgment against plaintiffs Ernest Jones and Louise Jones for the sum of $55,024.17 and for foreclosure of certain purported deeds of trust liens therein recited. Reference was made to such judgment as filed among the papers in that cause and as recorded in the minutes of the court, and by such reference same was alleged to be made a part of plaintiffs' petition. It was alleged that such judgment was void and of no force as a foreclosure of such purported liens or of any liens or as evidencing any indebtedness or liens against the lands attempted to be described in said judgment or any lands belonging to plaintiffs Ernest Jones and wife Louise Jones, or any lands described in and involved in this suit because the description of the lands described in said judgment is not sufficient to identify said lands under the Statute of Frauds, Art. 3995, R.C.S., for like reason the description contained in two orders of sale and notices of sale and Sheriff's deeds based on said judgment was insufficient and all of said instruments were entirely void insofar as they affect or relate to the lands attempted to be described therein; that the description of said lands in the plaintiffs' original petition in cause No. 2525 and in all other pleadings in said cause were and are void for like reason, and the various deeds of trust and assignments thereof recited and referred to in cause No. 2525 and also three deeds of trust executed by plaintiffs Jones and assigned to defendant Willoughby, one of such deeds of trust being dated July 23, 1948, to A. A. Abernathy, Trustee for National Finance Credit Corporation, one dated April 20,

1940, to D. B. Hardeman, trustee for Billy Ranks, and one dated September 4, 1946 to Donald Fitch, trustee for the Travelers' Insurance Company, were and are void for like reason; that the acts of the defendant Ray W. Willoughby in procuring the issuance of such orders of sale and notices and the Sheriff's acts in connection therewith constitute negligence which was the proximate cause of plaintiffs' damages thereafter alleged to be the sum of $500,000 for loss of sale of said property and $23,500 for the reasonable rental value thereof. Plaintiffs further alleged that the common source of title to the lands involved in this suit was plaintiffs Ernest Jones and wife, Louise Jones, or their grantors in the three deeds referred to and they gave notice that proof of such common source would be made by certified copies of such deeds and the judgment and orders of sale in cause No. 2525, and that contemporaneous with the filing of their petition they had filed with the papers in this cause certified copies thereof; that notice of such filing had been given under the provisions of Rule 798, R.C.P.; plaintiffs further alleged that all of the above instruments constitute a cloud on plaintiffs' title to the lands herein involved and prayed that such cloud be removed. Plaintiffs' petition was verified.

Defendant Ray W. Willoughby filed an answer in which he specially excepted to plaintiffs' petition because the allegations thereof were insufficient to describe any lands in Brewster County or anywhere else, and further that the allegations in connection with the reference to the records, documents and instruments when considered in connection with such instruments, documents and pleadings show that plaintiffs were estopped from asserting any right, title or interest in the lands referred to in their petition because any defense to the suit referred to (No. 2525) should have been there asserted. He further answered by general denial except as to the contents of the records referred to. This defendant, Ray W. Willoughby, filed a motion for summary judgment that plaintiffs take nothing for the following reasons:

"1. The pleadings and the records referred to in the pleadings show that this Defendant obtained the judgment foreclosing a deed of trust upon all the lands described in the deed of trust executed by Ernest Jones and wife, and that it is the same wherein and whereby the Plaintiff purchased said lands. That is, it shows that the Plaintiff Jones executed a deed of trust upon the same lands as those described in the deed where he purchased same.

"2. For the further reason that the records alleged and referred to by Plaintiff in this petition, fully and conclusively show that a valid judgment was rendered in this Court, wherein and whereby the Defendant, Ray W. Willoughby, obtained a money judgment against the Plaintiff Jones, and foreclosing a valid deed of trust lien against him, and that an order of sale was issued directing the Sheriff to sell said lands, and that said lands were sold by the Sheriff, and the Defendant Willoughby took possession by virtue of said deeds, and that Plaintiff Jones, as Defendant in said cause, and Plaintiff O'Quinn, his Attorney in said suit, and by the pleadings, record and documents show that they both appeared and contested said suit, making all imaginary defenses that they knew of, and the pleadings do not show that they were prevented by fraud or otherwise from making the same defense as set out and attempted to be set out in this petition, and that said judgment and foreclosure is a valid, final judgment, not having been appealed from.

"3. For the further reason that the records and pleadings in the cause referred to, and in this cause between the same parties, that this Court has cognizance of, shows that since the foreclosure suit and the sale of said lands that the plaintiff and his present Attorney have filed two suits, the first suit having been filed by the Plaintiff Jones alone, without any service of citation, and this Defendant answered, and on or about the first day of March, or about appearance day, said cause was dismissed by the Plaintiff; and this suit was filed wherein and whereby his Attorney joined as a party Plaintiff, to the effect that both Plaintiffs have had every op-

portunity that they were entitled to to make any defense, and in fact the file containing the pleadings, letters, etc. in the original cause referred to by Plaintiff shows that the Defendants in said original cause were satisfied that the case had been properly tried, and that the Court had properly ruled upon all issues, and that the laws contended for by the Defendants were correctly decided, with an apology that the Attorney was beating the bushes for every defense or delay that he could morally anticipate, and in this connection we call the Court's attention to the latter part of paragraph 27 of the pleading of Plaintiff now before this Court, that Plaintiff O'Quinn had a deed to an undivided one-half interest in this land and notices are hereby given to all Defendants herein and all parties who may claim under them or any of them that such deed does exist for the purposes and extent here stated, and that theretofore no lawful compromise, settlement or adjustment of this suit or the subject matter thereof can be made with Ernest Jones and his wife, Louise Jones, without the joining and concurrence therein by the said E. B. O'Quinn; all of such allegations having no weight whatever as to show a cause of action against this Defendant.

"4. For the further reason that said pleadings of this Plaintiff in connection with the reference to the records show that the foreclosure by Ray W. Willoughby against Plaintiff Jones and his wife was for part of the purchase money that Jones promised to pay for the lands herein described, and there is no offer to return any money, no offer to pay the purchase price, and no allegations that would excuse the Plaintiffs.

"Wherefore, this Defendant prays that a summary judgment be entered herein to the effect that Plaintiffs take nothing by this suit, without prejudice however to the rights of Defendant to bring an independent action, if he should have one and so desires, against the Plaintiffs herein for damages for slandering his title, etc."

Neither this defendant's answer nor his motion for summary judgment was verified. The court in his judgment recites:

"* * * the Court proceeded to examine the pleadings, matters of record, and such motion on file herein, and after hearing the argument of Counsel, is of the opinion and so finds that Defendant, Ray W. Willoughby, has given notice of said motion for summary judgment, as provided by the Rules of Civil Procedure; that there exists no genuine issue as to any material fact between the parties; and that as a matter of law the Defendants herein are not guilty of the wrongs and trespasses alleged by Plaintiffs; that the Plaintiffs are not entitled to cancellation of the various instruments described in their original petition filed herein, and that such instruments are not void; that Plaintiffs are not entitled to recover the title and possession of and to the lands in controversy herein, which are referred to in said Plaintiffs' original petition; that as a matter of law, no cause of action is asserted by Plaintiffs against the remaining Defendants herein, and that Defendant's motion for summary judgment should be granted."

Briefly summarizing appellants' points: The court erred in rendering a summary judgment because defendant Ray W. Willoughby's answer and motion were not verified and there were no affidavits verifying pleadings or testimony other than plaintiffs' verified pleadings; the Court erred in making the findings and conclusions above quoted in his judgment because defendant's pleading and motion were not verified and no affidavits, testimony or pleadings were furnished to the court supporting or justifying said summary judgments or said findings and conclusions; because the pleadings and certified copies of the deeds, judgments, orders of sale and Sheriff's deeds on file in this case showed conclusively that there did exist genuine issues as to material facts between the parties and that as a matter of law defendants are guilty of the wrongs and trespasses alleged by plaintiffs and plaintiffs are entitled to cancellation of the various instruments described in their original petition, which conclusively shows that said judgment, orders of sale, Sheriff's deeds and deeds of trust were and are void and that the deeds of trust sought to be foreclosed in

cause No. 2525, the judgment and order of sale therein, the notices of sale and Sheriff's deeds were absolutely void because description of the lands therein contained was insufficient to comply with the requirements of the Statute of Frauds, Art. 3995 R.C.S.; because the summary judgment rendered and the findings and conclusions recited therein is in direct violation of the Texas and Federal Constitution in that it denies to plaintiffs due process of law and deprives plaintiffs of their property without due process of law. This last point is not briefed and will not be further noticed.

Rule 166–A, R.C.P. providing for summary judgments in this State did not become effective until March 1, 1950; hence there is a dearth of judicial decisions of our appellate courts where a construction of this Rule has been involved. However, enlightening articles dealing with the Rule by Judge Robert W. Stayton may be found in the Texas Bar Journal of March 1950 at page 93, and of September 1950, page 445, also an excellent article by Tom Suggs and Ione Stumberg on summary judgment procedure appears in Vol. XXII, Texas Law Review, p. 433, and McDonald, Texas Civil Practice, Vol. 4, p. 1379, Sec. 17.26 et seq. deals with the subject at length. The source of Rule 166–A is Fed. Rules Civ. Proc. Rule 56, 28 U.S.C.A. See Franki, Vernon's Rules of Civil Procedure. There is no substantial difference between Rule 166–A and Federal Rule 56, and hence the construction of Federal Rule 56 by the Federal courts which appear in numerous decisions (see article by Judge Stayton supra) are persuasive if not controlling as to the correct interpretation of Rule 166–A.

It would seem from a mere reading of Rule 166–A(b) which provides: "(b) For Defending Party. A party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof," that a summary judgment may be rendered in favor of defendant without verified pleadings, supporting affidavits or evidence on an unverified motion of defendant when the plaintiffs' petition presents "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 166–A(c) ". Such a motion is directed solely to the pleadings and matters of record of which the court may take judicial notice, and is closely analagous to a special exception challenging the sufficiency of the opponent's pleadings as a matter of law. McDonald's Texas Civil Practice, Vol. 4, p. 1388, Sec. 17, 26 (IV)(i) and page 1394, Sec. 17.26 (VI). It is equivalent to a general demurrer under our former practice. See article Suggs and Stumberg, supra. However, the only final judgment that the court could render where a special exception was sustained or a general demurrer was sustained under our former practice where the plaintiff failed or refused to amend was a judgment of dismissal. Under Rule 166–A(a) and (c) when it appears that there is no genuine issue as to any material fact between the parties and the plaintiff fails or refuses to amend, the defendant on motion is entitled to a summary judgment in his favor, and such judgment is a final judgment.

That it is not a mandatory requirement of Federal Rule 56 that a motion for summary judgment be accompanied by supporting affidavits has been definitely adjudicated by the U. S. Circuit Court of Appeals for the District of Columbia in Fletcher v. Evening Star Newspaper Co., 77 U.S.App.D.C. 99, 133 F.2d 395, 396, where the court said: " [2] Nor is there anything in the contention that a motion for summary judgment must be accompanied by, supporting affidavits. (Fed. Rules of Civil Procedure Rule 56, U.S.C.A. Tit. 28, following section 723c.) The Rule does not make such mandatory. Reynolds v. Needle, 77 U.S.App.D.C. 53, 132 F.2d 161, decided Dec. 14, 1942." See also U. S. for use of Edward E. Morgan Co. v. Maryland Casualty Co., 147 F.2d 423, U. S. Circuit Court of Appeals, 5th Circuit.

Rule 783, R.C.P. provides that in actions of trespass to try title the petition shall state: "(b) A description of the premises by metes and bounds, or with sufficient certainty to identify the same, so that from such description possession thereof may be delivered, and state the county

or counties in which the same are situated." Defendant Willoughby specially excepted to the allegations of plaintiffs' petition because: " * * * the same are insufficient to set out and describe any lands or any parcels of lands situated in Brewster County, Texas, or anywhere else, and does not comply with any of the rules and regulations pertaining to a recovery of lands." The record fails to disclose any action of the court on this exception and it was therefore waived by defendant Willoughby. The record fails to show that plaintiff requested leave to amend and they filed no amendment. This defendant did not base his motion for summary judgment on the ground of this exception; nevertheless appellee Willoughby attempts to sustain the judgment on the ground that plaintiffs did not sufficiently describe the land in their petition so as to identify any land for which they sued or from which they sought to remove cloud alleged to have been cast by the judgment in cause No. 2525, and the instruments on which such judgment was based.

The only manner in which plaintiffs' petition sought to identify the lands involved in this suit was by reference to the records of the deeds in Brewster County and to the judgment in cause No. 2525. They did not attach copies of such instruments to their petition as exhibits and copies thereof do not appear in the transcript, although they did refer to the judgment in cause No. 2525 as filed among the papers in said cause and as recorded in the minutes of the court, and by reference sought to make such judgment a part of their petition. The reference to the record of these deeds and to the judgment was insufficient to constitute such records exhibits to plaintiffs' petition and to make them a part thereof, even though it was subsequently alleged that plaintiffs had filed certified copies thereof with the papers in this cause in order to show the common source of title. In Blum v. Moore, 91 Tex. 273, 42 S.W. 856, 857, Judge Gaines said: "* * * the original answer was not accompanied by the deed of trust, or a copy thereof, as an exhibit; nor did it contain any recitals of its contents from which it

was possible to determine the powers which were attempted to be conferred upon the trustee. It alleged that the mortgage was recorded in Burleson county, and, in speaking of the property, uses the language, 'All of which said property is fully described in said deed of trust, which is here referred to.' This did not authorize the court to go out of the record to ascertain the contents of the instrument, or, in the absence of an affidavit controverting the validity of the mortgage, to permit evidence to be adduced of its contents. *To make an exhibit to a pleading, the instrument or a copy thereof must be attached to it or filed with it. In other words, it must be made to appear as a part of the pleading. It must be exhibited.*" (Emphasis ours.) See also Owen v. City of Eastland, Tex.Civ.App., 37 S.W.2d 1053, citing and following Blum v. Moore and Rule 59, T.R.C.P. However, although the reference to the records of the deeds and to the judgment did not constitute such records exhibits and make them part of the petition, such reference was sufficient in the absence of an exception to authorize the admission in evidence of such records or certified copies thereof, and did constitute a sufficient description of the land involved for this purpose. Steinbeck v. Stone, 53 Tex. 382; Lumpkin v. Silliman, 79 Tex. 165, 15 S.W. 231; Goldman v. Douglas, 81 Tex. 648, 17 S.W. 235; Williams v. McComb, Tex.Civ.App., 163 S.W. 654, loc. cit. 656. Therefore, the Court was not authorized to render summary judgment on the theory that plaintiffs' petition did not state a cause of action, or because it failed to reveal any genuine issue as to any material fact between the parties, because of the insufficiency of the description of the land they sought to recover and from which they sought to remove cloud from title.

As above pointed out, plaintiffs alleged that the common source of title to the lands involved in this suit was plaintiff Ernest Jones and wife, Louise Jones, or in any event the grantors in the deeds, record of which is referred to in their petition, and they gave notice to defendants that proof of such common source would be made by certified copies of such deeds and of the judgment in cause No. 2525, the orders of

sale issued thereon and returns thereon and the Sheriff's deeds executed pursuant thereto, and that contemporaneous with the filing of their petition they were filing with the papers of the suit certified copies of such instruments in conformity with Rule 798, R.C.P. It is thus apparent from the face of plaintiffs' petition that the land which they allege defendants attempt to describe in suit No. 2525 is the land involved in this suit. Therefore, if the record in suit No. 2525 of which the court could take judicial notice (see Fletcher v. Evening Star Newspaper Co., supra, and authorities there cited and McDonald, Texas Civil Practice, p. 1394, Sec. 17.26, footnote 34) reveals that the land on which a lien was sought to be foreclosed was described with sufficient certainty to identify it and this is the same land involved in this suit necessarily it must follow that plaintiffs' petition when considered in the light of the record in suit No. 2525 presents no genuine issue as to any material fact between the parties. The judgment recites that the court considered the pleadings, matters of record and motion and found that the various instruments described in plaintiffs' original petition were not void and that plaintiffs were not entitled to recover the title and possession of and to the lands in controversy. Even in the absence of such recitals we think a presumption will be indulged in favor of the validity of the judgment rendered in cause No. 2525, that the record in that cause of which the court could take judicial notice upheld that judgment and the judgment rendered in this cause. 3–A Tex.Jur. p. 486, Sec. 391. Therefore, on the record which appellant has brought to this court, no error is shown. One function of a motion for summary judgment is to "pierce" the opponent's allegations. (See article by Stayton, September 1950 Texas Bar Journal, supra.) This the trial court could do by taking judicial notice of the record in suit No. 2525 in connection with the allegations of plaintiffs' petition. When so "pierced" the petition definitely reveals that there was no genuine issue as to any material fact between the parties and that the defendants were therefore entitled to a judgment as a matter of law under Subdivision (c) of Rule 166–A.R.C.P. Therefore, in the opinion of the writer, the trial court did not err in rendering the summary judgment and such judgment should be affirmed.

I have carefully examined the instruments above referred to which have been sent up in conformity with the order of the majority of the court. The judgment in cause No. 2525 when considered with the pleadings filed in that cause which the trial court had the right to consider, Milner v. Schaefer, Tex.Civ.App., 211 S.W.2d 600, wr. ref., reveals that the plaintiffs therein, who are appellees here, sought to foreclose against defendants Jones, the appellants here, liens on three separate tracts of land, No. 1 containing 4501 acres, No. 2, 19,488.95 acres and No. 3, 23,436.3 acres. In each of these tracts the land is described by survey number, certificate number, block number and number of acres, all of said land being situated in Brewster County. In tracts Nos. 1 and 2 the abstract numbers of surveys or parts of surveys are also given, but the abstract numbers are not given in tract No. 3. In these tracts parts of the surveys are given which in the absence of reference to abstract numbers would be insufficient to identify the land, but since the abstract number of each survey or part of the survey is given in tracts Nos. 1 and 2, we cannot say that reference thereto would not sufficiently thereby identify the land, see Reserve Petroleum Co. v. Harp, 148 Tex. 448, 226 S.W.2d 839; therefore the judgment in cause No. 2525 does not on its face show that it is void or that the land therein sought to be described is not the land involved in this suit. While the abstract numbers are not referred to in tract No. 3, it affirmatively appears that the 23,436.3 acres included in this tract is described in a deed of trust referred to in the pleadings, reference to the record of which is given and which the court could properly consider, Milner v. Schaefer, Tex.Civ.App., 211 S.W.2d 600, writ ref.; therefore it does not affirmatively appear that the judgment is void as to the portions of surveys described in part 3. If the deed of trust referred to describes these portions of the

sections the same as the deed from Gilmer A. Morris and wife, Elizabeth Morris, to appellant Ernest Jones, dated August 1, 1945, recorded in Vol. 109, pages 19 et seq. of the deed records of Brewster County, a certified copy of which has been sent up, that deed does describe these portions of the sections with particularity. Since appellants referred to this deed in their pleading in this cause, and it appears from their pleading that the description therein is the same as that contained in tract No. 3 included in the judgment in cause No. 2525, and the portions of the surveys referred to in the judgment are particularly described by metes and bounds in the deed, we cannot say that it affirmatively appears the judgment is void.

I agree with the majority if it be conceded that the judgment in cause No. 2525 is properly a part of the record in this case that there was a genuine issue of fact between the parties as to whether or not the judgment described the land for which appellant sued, and that a summary judgment is not warranted. I feel very strongly, however, that under the facts in this case the court should not have required a certified copy of this judgment to have been included in the record, and that it is not properly a part of the record before us. The filing of a certified copy of the judgment among the papers in the trial court for the purpose of showing the chain of title under Rule 428 did not constitute it a part of the transcript in this case, nor did it make it a part of the statement of facts since no evidence was taken and it was not introduced. Rule 798. Appellant could have made the certified copy of the judgment a part of the transcript by attaching it to his petition and exhibiting it, Blum v. Moore, supra, or by filing a controverting affidavit to defendant's motion for a summary judgment and attaching it thereto. He saw fit to do neither and has presented a record to this court which presents nothing by which we can determine whether the trial court's judgment was right or wrong. In such a case I think that the presumption should be indulged in that the judgment sufficiently identifies the land for which plaintiffs sue in this case, and that the judgment should therefore be affirmed.

I respectfully dissent.

### On Motion For Rehearing.

PRICE, Chief Justice.

It must be elementary that where the trial court on an unverified motion for summary judgment enters a judgment in favor of the movant on the record, which then consists only of the pleadings of the parties, the appellate court has exactly the same matter before it that the trial court had.

In this case this court took into consideration the judgment in cause No. 2525 for the reason that this court considered the judgment in said cause part of the pleadings. It is apparent from the plaintiff's petition that plaintiff sought to make such judgment a part thereof. The judgment was a record of the court in which the instant cause is pending.

While a motion for summary judgment is somewhat in the nature of a general demurrer, and likewise in the nature of a motion on the pleadings, it is, however, not exactly the same as either. In some respects it is sui generis. The above is true where the record consists only of the pleadings. In this case no evidence was introduced, no affidavits filed. The record proper can only be invoked as justification for the judgment entered. The record consisted only of the pleadings of the parties. No evidence appears to have been heard on the motion for summary judgment, no affidavits were filed by either party in connection with the motion. There was no stipulation as to facts. The only support for the judgment rendered herein is the pleadings. If the pleadings affirmatively show as a matter of law that plaintiff was without claim of title to any of the lands in controversy, then the judgment of the trial court was correct. The burden is on the movant in case of an application for summary judgment, to show that as a matter of law under the undisputed material facts he is entitled to the judgment sought. Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318; Parmelee v.

Chicago Eye Shield Co., 8 Cir., 157 F.2d 582, 168 A.L.R. 1130; Doehler Metal Furn. Co. v. U. S., 2 Cir., 149 F.2d 130; Grimes v. N. Y. Life Ins. Co., D.C., 84 F.Supp. 989; Fonville v. Southern Materials Co., Tex.Civ. App., 239 S.W.2d 885; Hunt v. Southern Materials Co., Tex.Civ.App., 240 S.W.2d 400. A motion for summary judgment may not be granted unless it appears that no material facts are in controversy, and involved only is the application of the law to undisputed facts. This is clearly the rule where such judgment is sought on the pleadings alone. Friedman v. Washburn, 7 Cir., 145 F.2d 715.

To justify the judgment rendered in this cause we must say from the pleadings and pleadings alone that no issue of title in the plaintiff was thereby raised. It does not appear as a matter of law that the same lands are involved in this case as were involved in case No. 2525. The only basis for the summary judgment in favor of defendant was that all of plaintiff's title had been divested by the enforcement of the judgment in cause 2525. It does not appear from the record that all of the lands sued for by plaintiff were sold in pursuance of the judgment in cause No. 2525.

On our own motion we ordered that certain matters which we then deemed part of the record proper herein, be sent up in connection with this appeal. On more mature deliberation we have concluded that save and except the judgment in cause No. 2525 the matters ordered certified up were improperly ordered certified up. Appellee was not given notice of our purpose to order these matters certified up as a part of the transcript. It is the uniform custom of this court to give such notice, but through some mistake appellees were not given notice. It is therefore ordered that appellee be given leave to file another motion for rehearing, and in connection therewith to have certified any portion of the record that he may deem as not shown by the transcript and augmented transcript. The record herein fails to show that there are no issues as to the material facts.

It is ordered that the motion for rehearing be in all things overruled.